ANDREW CHRISTY

*v.*

LUCY OGLE'S Executors

1. INALIENABLE LIFE ESTATE. A husband devised certain lands to his wife to have and to hold during her natural life, to occupy and use the same in the same way it would be lawful for her to do if the title were full and complete in her; and, also, to dispose of at her death to any person she might think best to live with her and take care of her. *Held*, that this vested in the wife an inalienable life estate.

2. INCUMBRANCE — *what constitutes — and herein, when a covenant against incumbrances becomes broken.* The devisee holding such estate, executed a conveyance for the premises, in fee, covenanting against all incumbrances. *Held*, that the existence of this life estate, inalienable in its character, in the grantor, was a subsisting incumbrance, and constituted a breach of the covenant against incumbrances, immediately upon the execution of the deed.

3. FAILURE OF CONSIDERATION — *what constitutes.* And where the grantee executed his note for the purchase-money of the entire estate, which the deed purported to convey, the existence of this incumbrance constituted a failure of the consideration of the note, to the extent of the value of the estate which he did not, and could not, enjoy.

4. RECOUPMENT. Or, perhaps, to state the case more accurately, by reason of the breach of the covenant in the deed for which the note was given, the maker has a right, in a suit thereon, to recoup the amount of the damages which he has sustained by reason of such breach; that is the value of the estate for the time during which he was deprived of its enjoyment because of the existence of the incumbrance.

5. The taxes paid by the maker of the note previous to his obtaining the possession of the property should also be allowed.

6. SET-OFF. But the costs incurred in the unsuccessful prosecution of a law suit for the recovery of the estate, could not be set off against the note.

APPEAL from the Circuit Court of St. Clair county; the Hon. J. GILLESPIE, Judge, presiding.

This was an action of assumpsit commenced in the Circuit Court of St. Clair county at the October Term, 1863, by the appellees against the appellant. The suit was on the following instrument:

"$3,500.    BELLEVILLE, June 12, A. D. 1854.

"Four years after date I promise to pay Lucy Ogle, or order, three thousand five hundred ·dollars on condition that she, by her last will and testament, devise to me the real estate situate in St. Clair county, which is described in a certain deed by her to me, bearing date June 12, A. D. 1854.

"A. CHRISTY."

The note was given in consideration of the execution and delivery to the appellee, by Lucy Ogle, on the 12th day of June, 1854, of a deed of certain premises therein described, and which deed contained a covenant against incumbrances. Lucy Ogle derived her title to the lands solely from the will of her deceased husband, by which he devised to her "to have and to hold during her natural life," the land described in the deed, "to occupy and use the said land in the same way as it would be lawful for her to do if the title were full and complete in her," and also "to dispose of at her death to any person she may think best to live with her and take care of her." The grantee paid in cash the sum of $569.50, and also gave his four interest notes payable in one, two, three and four years for $210 each, all which interest notes were paid.

At the time of the conveyance one Pullian was in the possession of the lands, without right of possession, against whom Christy brought suit in ejectment for the recovery of the lands, and the case went twice to this court. Lucy Ogle also commenced suit in ejectment against Pullian, and by virtue of a judgment and writ of possession in that suit Pullian was ousted, and the appellant put into possession about the 22d day of March, 1862. Lucy Ogle died the 15th of January, 1852, leaving a will, by which she devised the real estate described, in the deed from her to Christy, to him.

Her executors, the appellees, therefore, bring suit upon the note made by Christy, the appellant, who insisted, upon the trial,

1. That he should be allowed against the note the value of the use of the land, during the time he was kept out of posses-

sion by reason of what he insisted was a breach of the covenant against incumbrances, contained in the deed.

2. That he should be allowed for taxes paid by him during that time, and

3. That he should also be allowed for all costs and expenses incurred and paid by him, in the unsuccessful attempts to acquire possession of the land by suits at law.

Judgment was rendered against him for the amount of the note and interest, from which he brings his appeal to this court.

Mr. J. Baker, for the appellant.

Messrs. Underwood & Noetling for the appellee.

Mr. Chief Justice Caton delivered the opinion of the Court:

The deed for which it is stipulated this note was given, is in the usual form, and contains a covenant of general warranty, and also a covenant against incumbrances. The deed professes to convey the premises presently, and is absolute. The grantor held the premises under the will of her late husband. And we have decided under the peculiar wording of that will that she had an inalienable life estate in the premises, which did not pass by the deed; and it is now insisted by the maker of the note, who is the grantee in the deed, that the consideration of the note has failed to the extent of the value of such life estate.

Two questions arise here: First, was the covenant against incumbrances broken? and second, if it was, then was there a partial failure of the consideration? It seems impossible to answer either of these questions in the negative. The deed purported to take effect immediately. It professed to convey an estate immediately, and would have conveyed it had the grantor been capable of conveying such an estate. This she did not and could not do. As to the life estate, the deed was as inoperative as if it had been vested in a third person. Had this life estate been vested in a third person it would have been an incumbrance, and the covenant against incumbrances would

have been broken instantly. Upon this point there is, and can be, no controversy. Is it any different because she held the life estate? Clearly not. The effect and consequences must be precisely the same in either case. Here was the incumbrance of the life estate still subsisting against the deed, which she did not and could not convey by it, and so, necessarily, the covenant was broken. Counsel made the point, though he could have been hardly serious in it, that the covenant was inoperative until the deed took effect as a conveyance, which he said was at the time of the death of the grantor. These very covenants were inserted to meet the contingency, that the deed might not take effect according to its purport. Suppose a deed should never take effect, as a conveyance, for the want of an estate in the grantor upon which it could operate, would it be contended that the covenants could never take effect?.

If the consideration of the note was the entire estate, and it was incumbered by this life estate, then the consideration has failed to the value of the estate which he did not and could not enjoy; or, perhaps, to state the case more accurately, if there has been a breach of a covenant in the deed for which the note was given, then the defendant has a right to recoup the amount of the damages which he has sustained by reason of such breach. That was the value of the estate for the time during which he was kept out of the enjoyment by reason of the incumbrance.

The costs incurred in the prosecution of an unsuccessful lawsuit for the recovery of the estate, of course, cannot be set off against the note. It has no connection with it.

The taxes paid previous to the time when the defendant obtained possession should also be allowed.

The judgment is reversed and the cause remanded.

*Judgment reversed.*