## Chicago Portrait Company v. Chicago Crayon Company.

### Gen. No. 11,689.

1. FINAL JUDGMENT—*what not, in action at law.* Where a party elects to stand by his declaration, to which a demurrer has been sustained, an order as follows: " Therefore, it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended, and have execution therefor," is not final for purposes of appeal.

2. PLEADINGS—*practice at law in regard to exhibits to.* An exhibit cannot be made a part of a declaration at law by attaching it thereto, and making the same a part thereof.

3. CONTRACT—*how interpretation of, cannot be aided.* An exhibit filed in the Appellate Court containing the opinions of college professors as to the meaning of a certain contract, will be stricken from the files of a cause upon the court's own motion.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed January 23, 1905.

DUNCOMBE & EVANS, for appellant.

A. D. GASH, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

In this case a general demurrer was sustained by the Circuit Court to the plaintiff's declaration. The plaintiff elected to stand by its declaration. "Therefore," says the transcript of the record, "it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended, and have execution therefor."

Neither party to the appeal has noticed the question whether this is a final and appealable judgment. It is not final according to reason and authority. It neither dismisses the defendant without day, nor adjudges that the plaintiff take nothing by his suit. A judgment for costs is a mere incident to a final disposition of a cause, and cannot be substituted for it. Black on Judgments, vol. 1, sec. 31; Cutting Kaestner Co. v. Goldberg, 107 Ill. App. 592. That there is not a final judgment disposing of the cause in the court below, is probably due to carelessness in the clerk's office of that court. It would justify us in dismissing the appeal of our own motion. But to avoid delay we shall treat the judgment as a final one, disposing of the case on the demurrer to the plaintiff's declaration. So viewing it, we see no error in it. The declaration claims damages of the defendant from its refusal to pay the plaintiff certain sums of money forming debit balances on plaintiff's books against various persons named in said declaration. These persons, it is alleged by said declaration in its first count, " were persons formerly in the employ of said plaintiff, and did on, to wit, the first day of July, A. D. 1902, quit such employment and enter into the employ of said defendant." The declaration then avers that each of said persons had a certain debit balance on the books of the plaintiff, and owed the plaintiff said sums, and that none of the moneys due from said persons as aforesaid, were moneys advanced by the plaintiff to induce said persons " to quit the employ of said employment or to turn over their organizations."

As the foundation of the defendant's liability which is claimed, the declaration further avers a written agreement entered into between plaintiff and defendant on September 15, 1902, in and by which it was, among other things, contracted " that if any person or persons formerly in the employ of the Chicago Portrait Company, and now in the employ of the Chicago Crayon Company, or *vice versa,* quit such employment and went with the opposite company having a debit balance on the books of the company with which they have ceased to be employed, the opposite company agrees to pay such indebtedness, it being understood and agreed that any moneys paid by either of said companies by way of a bonus to induce said employees of the opposite company to quit their employ or to turn over their organization, is not intended to be included in the provisions of this paragraph." A second count to the declaration is practically the same, adding an averment of a willingness " to assume and pay the legal debit balance of any or all person or persons formerly in the employ of the defendant who quit such employment being legally indebted to said defendant and entered into the employ of the plaintiff." A third count varies substantially only in an averment of performance by the plaintiff of the provisions of said contract of September 15, 1902.

The demurrer was properly sustained to this declaration. It is evident there is no liability on the part of the defendant not made by the written contract of September 15, 1902. That contract expressly limits such liability to the debit balances of persons who having been in the employ of the Chicago Portrait Company had before that time, September 15, 1902, quit it and were *then* in the employ of the Chicago Crayon Company. Whatever the parties may have meant, that is what they said. The meaning of this language: " If any person formerly in the employ of the Chicago Portrait Company and now in the employ of the Chicago Crayon Company, or *vice versa,* quit such employment and went with the opposite company, having a debit balance on the books of the company with which

Chicago Portrait Co. v. Chicago Crayon Co.

they have ceased to be employed, the opposite company agrees to pay such indebtedness "—used in an agreement made for the purpose of settling differences that had already arisen, is not obscure. It does not need even the argument of counsel to illuminate it, still less the opinions of university professors.

There is no allegation in the declaration that the persons whose debit balances were claimed by plaintiff were on September 15, 1902, in the employment of the defendant. Without such allegation the declaration is fatally defective. It states no cause of action.

Counsel for appellant seems to consider the contention of appellee to rest on the position that the contract referred only to persons quitting the employment of the respective companies *after* September 15, 1902. If it did, we should have no difficulty in overruling it, for the contract plainly refers solely to persons quitting such employment *before* that date. But as we have set forth, it is also true that it refers only to such of said persons as were in the employ of the second company on the date of the contract.

It is not necessary to consider the question of " public policy " or " *ultra vires* " raised by the appellee.

The declaration attempts to make the whole contract of September 15, 1902, " a part thereof " by " filing it therewith." This is contrary to all rules of good pleading. Common-law pleading cannot be done by exhibits. But the rest of the contract is not necessary to throw light on the meaning of words as plain as those declared on.

The paper filed with the appellant's brief and abstract and indorsed " Appellant's Exhibit," purporting to be opinions of certain estimable gentlemen on the meaning of the contract in question, will be stricken from the files on the court's own motion. If offered as authority, the opinions are irrelevant, immaterial and impertinent; if as evidence, they are incompetent as well. If they are simply an argument, they add nothing to counsel's own suggestions.

The judgment is affirmed.

*Affirmed.*