# William M. Wilkinson v. George A. Olin.

## Gen. No. 4,868.

1. Judgment—*appropriate form of, upon sustaining demurrer to declaration and dismissing plaintiff's action.* The proper form of judgment to be entered upon sustaining a demurrer to a declaration and dismissing the action is as follows:

"That the said declaration and the matters therein contained are not sufficient in law to maintain the action of ———— against ————. Therefore it is considered by the court that the plaintiff take nothing by his writ and that said defendant go hence without day, and recover of said plaintiff his costs in this behalf expended, and that execution issue therefor."

2. Judgment—*when full faith and credit must be given to, of sister State.* A judgment rendered in favor of a partnership, in the partnership name, if valid in the State of its rendition, must be given in Illinois full faith and credit and not be permitted collaterally to be attacked.

3. Covenant—*when against encumbrance broken.* A covenant in a deed against encumbrances is broken where a judgment lien exists to which the deed is subject and from which an eviction might follow.

Action in covenant. Error to the Circuit Court of Mercer County; the Hon. Emery C. Graves, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded with directions. Opinion filed August 6, 1907. Rehearing denied October 10, 1907.

Isaac N. Bassett, for plaintiff in error.

Alexander McArthur and George A. Cooke, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court.

This is an action in covenant begun to the September term, 1905, of the Mercer county Circuit Court by William M. Wilkinson against George A. Olin. The first count of the declaration alleges that the defendant on the first day of October, 1901, by a general warranty deed conveyed to the plaintiff a certain eighty-acre tract of land in Ringold county, in the State of Iowa, for the consideration

of $4,000, subject to a mortgage thereon for $1,200, the
deed being set out in *hæc verba.* The deed is under seal
and was duly acknowledged on the first day of October, and
recorded in Ringold county, Iowa, on the fifth day of Oc-
tober, 1901. Plaintiff alleges that by the statute of the
State of Iowa said deed containing the words "warrant
and convey" was a covenant that said lands were free from.
all encumbrances of any kind whatsoever, and that the
grantor would warrant and defend the title to said land to
the plaintiff. Plaintiff avers that at the time of the sealing
and delivery of said deed said land was not free from all
encumbrances; that "Edwards & Anderson" had com-
menced a suit in attachment in the District Court of Taylor
county, Iowa, on the 19th day of December, 1898, against
E. A. Olin and the defendant in this suit; that a writ of
attachment was issued in said cause and by the sheriff of
Ringold county on the 20th day of December, 1898, levied
on said land; that G. A. Olin entered his appearance and
filed a plea in said suit and such proceedings were had that
afterwards on the 19th day of December, 1901, on a final
hearing a decree was entered by said District Court in said
cause wherein it was adjudged that a certain deed of con-
veyance from E. A. Olin to G. A. Olin, the defendant, con-
veying the premises levied upon, was made to defraud the
creditors of E. A. Olin and was accepted by G. A. Olin
with that intention, and that at the time said fraudulent
conveyance was made, said E. A. Olin was indebted to
"Edwards & Anderson" in the sum of $550, and it was
adjudged that plaintiff have judgment for $550 and for
costs, taxed at $104.70, and said judgment was decreed to
be a lien on said land, and it was ordered that a special exe-
cution issue for the sale of said land or so much thereof as
was necessary to satisfy said judgment, and said attach-
ment was decreed to be a lien on said land to the extent of
said judgment. It is averred that by the statutes of Iowa
a judgment in the District Court of said State bears inter-
est at the rate of 8 per cent per annum. It is averred that
by the statutes of Iowa then in force the common law

method of procedure was abolished and that the District Court of Taylor county is a court of general jurisdiction and had jurisdiction to entertain the suit against the persons, defendants, and to order a writ of attachment levied upon said lands in Ringold county, and that said statutes of Iowa provided that the levying of an attachment made the same a lien against the land it is levied upon.

It is further averred that G. A. Olin appealed from the judgment of the District Court to the Supreme Court of Iowa and that on October 8, 1903, the judgment of the District Court was affirmed as to Edwards & Anderson, except that it was made a lien against said land junior to a deed from the sheriff of Ringold county to said G. A. Olin made upon a sheriff's sale-of the land in a proceeding of the Clearfield bank against E. A. Olin and others, and that the cause was remanded to the District Court of Taylor county with directions that the property be sold, and after deducting from the amount of the sale the amount necessary to redeem from the sale under the Clearfield bank judgment that the balance be applied to the satisfaction of the Edwards & Anderson judgment.

It is averred that the District Court entered judgment in accordance with the mandate of the Supreme Court, and ordered the land sold under a special execution, and that on February 18, 1904, the judgment being in full force, the plaintiff to protect his title, paid to Edwards & Anderson $766.95, the amount of said judgment with interest and costs, and that the defendant has refused to pay said sum to the plaintiff.

The second count is similar to the first, except that it omitted the allegations as to paying of the judgment, and makes additional averments that an execution was issued on said judgment and that the land was, after the giving of a statutory notice, sold to G. B. Haddock under said execution for $818.38 on July 22, 1905, subject to the judgment against E. A. Olin, and that said execution was returned satisfied, and that plaintiff then paid to Haddock the said sum of $818.38 to remove said encumbrance, and

that said land was worth $2,400 at the time of said execution sale.

A third count contains the averments of the second count with further allegations concerning a suit begun by the Clearfield bank against E. A. Olin and G. A. Olin, in which a judgment was rendered finding that the conveyance from E. A. Olin to G. A. Olin was fraudulent and void as against the claim of the bank, and that after a sale under an execution thereon G. A. Olin had bought the certificate of sale and received a deed for the land described in the deed to plaintiff. It is also averred that G. A. Olin appealed from the Edwards & Anderson judgment to the Supreme Court and that the Supreme Court decided that George A. Olin by the purchase of the certificate of sale under the Clearfield bank judgment "simply extinguished the claim of the Clearfield bank" and was entitled to a lien prior to the Edwards & Anderson judgment. It is further alleged, that plaintiff was not a party to either the Clearfield bank or the Edwards & Anderson proceedings.

The defendant filed a general demurrer to each count. The court sustained the demurrer, and the plaintiff electing to stand by his declaration it was ordered that "this cause be dismissed at plaintiff's costs."

It is assigned for error that the court erred in sustaining the demurrer, and in dismissing plaintiff's suit.

The judgment is informal. The adopted form of a judgment in favor of the defendant on demurrer to a declaration is "that the said declaration and the matters therein contained are not sufficient in law to maintain the action of — against —. Therefore it is considered by the court that the plaintiff take nothing by his writ and that said defendant go hence without day, and recover of said plaintiff his costs in this behalf expended, and that execution issue therefor," or words of similar import; Wenon v. Fossick, 213 Ill., 70; 11 Ency. of Pl. & Pr., 925; Wilcox on Forms, 179.

The meritorious question in the case is, whether the judgment in favor of "Edwards & Anderson" against E. A. Olin

and G. A. Olin, in which it was adjudged that the said judgment against E. A. Olin was a lien on the land conveyed by deed by E. A. Olin to G. A. Olin and in which it was decreed that the deed from E. A. Olin to G. A. Olin was made by E. A. Olin and accepted by G. A. Olin with the intention of defrauding the creditors of E. A. Olin, was such an encumbrance on the land, that is was a breach of the covenant in the deed made by G. A. Olin to plaintiff. Counsel for the defendant in error in their argument state the law to be as follows: "The covenantee in a deed with covenants of warranty against encumbrances cannot recover from his covenantor for the payment of an alleged judgment unless it be an actual encumbrance which, if enforced, would result in eviction by paramount title, or the equivalent, that he has been actually damnified. He is not entitled to recover by recognizing a claim or judgment as valid or superior and paying the same, which claim or judgment the courts rendering the same have decided otherwise; the covenant does not confer the right or power upon the covenantee to revise or reverse the judgment and determination of the courts." " An encumbrance within the meaning of covenants must be such that a lawful enforcement to its full extent would evict, and no right of action accrues until the grantor has been evicted, unless it clearly appears that he would be evicted by means of the encumbrance lawfully prosecuted to that end, and when the encumbrance has been exhausted without disturbance of possession or title or right thereto, no action lies." Christy v. Ogle, 33 Ill., 295; Marple v. Scott, 41 Ill., 50.

The defendant in error seeks to avoid the effect of the preceding propositions announced by him by asserting that the judgment as rendered by the District Court of Iowa, which was affirmed by the Supreme Court of that State, was not a valid judgment, but that it was a void judgment. The defendant insists that a judgment in favor of "Edwards & Anderson" as "a firm is erroneous where the names constituting the firm nowhere appear." -

The declaration alleges, that by the statute of Iowa, "the

common law method of proceeding was abolished, and the proceedings in civil actions were authorized by statute; and that the District Court of the State of Iowa was created by statute and is a court of general jurisdiction." It avers a judgment in favor of "Edwards & Anderson" was rendered by said District Court against E. A. Olin and that the same was affirmed by the Supreme Court of Iowa (Edwards & Anderson v. Olin, 121 Ia., 143), and that an order was made for the sale of the land under a special execution to satisfy the said judgment of Edwards & Anderson, and that the said judgment was a valid prior lien, to which the title acquired by G. A. Olin was subject. It is not necessary for us to determine whether if the judgment in favor of "Edwards & Anderson" was in this State it would be held to be a void or a valid judgment. That question however is discussed and decided by us in favor of the validity of the judgment in Ives v. Muhlenburg, 135 Ill. App., 517. The Constitution of the United States, article 4, section 1, requires that full faith and credit shall be given in each State to the judicial proceedings of every other State. It appears that the suit was begun in the District Court of the State of Iowa, which is alleged to be a court of general jurisdiction, and was affirmed in the Supreme Court. "The requirement is not that some, but that full faith and credit shall be given by States to the judicial decrees of other States; that is to say, when a decree rendered in one State is embraced by the full faith and credit clause, that constitutional provision commands that other States shall give to the decree the force and effect to which it was entitled in the State where rendered." Harding v. Harding, 198 U. S., 317; Welsh v. Sykes, 3 Gilm., 197; Ambler v. Whipple, 139 Ill., 311. A court of general jurisdiction of the State of Iowa having rendered the judgment and the Supreme Court having affirmed the judgment, it may not be attacked in a collateral proceeding in the courts of Illinois, although it may not be in the conventional form of a judgment for or against a partnership in this State. The code of Iowa, section 3468, provided as early as 1873 that "actions may be brought for

or against a partnership as such * * * and a judgment against a firm as such may be enforced against the partnership property or that of such members as have appeared or been served with notice." That State has long recognized the legal entity of partnerships. Brumwell v. Stebbins, 83 Ia., 425. To give full faith and credit to the Edwards & Anderson judgment is to give to it the effect it has in the State of Iowa where it is made a lien or encumbrance on the land which defendant in error covenanted to be free from encumbrance. The attachment lien, from the allegations in the declaration, was such that had the judgment of the Iowa court been enforced and not have been paid or bought by plaintiff, the entire title of plaintiff would have been extinguished by the paramount title. It clearly appears he would have been evicted by means of the encumbrance prosecuted to the end. The covenant of the deed was broken by such encumbrance. Christy v. Ogle, *supra;* Marple v. Scott, *supra;* Claycomb v. Munger, 51 Ill., 373; McConnell v. Downs, 48 Ill., 271; King v. Gilson, 32 Ill., 355; Frazer v. Peoria County, 74 Ill., 282; Clapp v. Herdman, 25 Ill. App., 509; Jones v. Warner, 81 Ill., 346. Under the law applicable to covenants, as the appellee concedes it to be, each count of the declaration sets forth a good cause of action. The judgment is reversed and the cause remanded, with instructions to overrule the demurrer.

*Reversed and remanded with directions.*