### Emma L. Hartzell, Plaintiff in Error, v. Maryland Casualty Company, Defendant in Error.

#### Gen. No. 4,883.

1. JUDGMENT—*form of, upon sustaining plea to jurisdiction.* Upon sustaining a plea to the jurisdiction, the judgment should be that the plaintiff take nothing by his suit and that the defendant go hence without day.

2. SERVICE OF PROCESS—*when does not confer jurisdiction as to insurance company defendant.* A citizen of this State, resident of one county thereof, cannot institute suit in another county against a foreign insurance company and have service made upon the agent of such company authorized by virtue of statute as its service agent, and thus confer jurisdiction as to such insurance company.

3. ACCIDENT INSURANCE—*section 18 of act construed.* Section 18 of the act governing accident life insurance companies, which provides that every life insurance company not organized in this State but doing business in this State, shall in writing appoint an attorney, resident in this State, upon whom to levy process against the company, who may be served with like effect as if the company existed in this State, does not operate to extend the law of venues of actions as fixed by the other statutory provisions of the State.

Assumpsit. Error to the Circuit Court of Henderson County; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

HORTON, BROWN & MILLER, for plaintiff in error.

L. H. HANNA, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On April 4, 1905, the Maryland Casualty Company entered into a contract of insurance with John H. Hartzell, of the city of Monmouth, Warren county, State of Illinois,

wherein it insured said Hartzell against disability resulting from bodily injuries sustained through violent and accidental means. On September 4, 1905, Hartzell died. On February 28, 1906, Emma L. Hartzell, plaintiff in error, widow of deceased, and beneficiary in the contract of insurance, commenced this suit in the Circuit Court of Henderson county to recover the indemnity stipulated for in the contract, for the death of Hartzell. She caused summons to be issued, directed to the sheriff of Sangamon county, Illinois, which was served upon W. R. Vredenburg, superintendent of insurance of the State of Illinois, who, the return thereon stated, was the legally authorized agent for service in the State of Illinois for the Maryland Casualty Company. On September 8, 1906, plaintiff in error filed a declaration alleging the execution of the contract of insurance and setting it out *in haec verba,* the death of Hartzell, its cause, and defendant in error's liability therefor and the amount of damages resulting. On October 4, 1906, defendant in error appeared specially and interposed a plea to the jurisdiction of the court. The plea averred that the defendant in error was before, and at the time of the commencement of the suit, and still is, an accident life insurance company, a corporation aggregate, organized and existing by virtue of the laws of the State of Maryland, and duly authorized to do business in the State of Illinois, and was engaged in business therein, pursuant to the statute in such case made and provided; and that theretofore, and at the time of the commencement of this suit, plaintiff in error was not, and from thence hitherto has not been, and is not now, a resident of said Henderson county, Illinois, but that before, and at the time of the commencement of this suit, plaintiff in error was, and from thence hitherto has been, and still is, a resident of the city of Monmouth, county of Warren, State of Illinois; and that before and at the time of the commencement of this suit, the defendant company was not, and from thence hitherto has not been, and is not now, a resident of said Henderson county, nor of the State of Illinois; but said defendant in error was before, and at the time of the commencement of

said suit, and from thence hitherto has been, and still is, a resident of the State of Maryland, and not elsewhere. The plea further averred that neither its president, nor any clerk or other officer named in the statute, was found or served with process in Henderson county; nor was any agent of defendant company found or served with process in Henderson county; but that summons was issued to the sheriff of Sangamon county, and served on Vredenburg, superintendent of insurance of the State of Illinois, in the county of Sangamon and without the county of Henderson. To this plea plaintiff in error demurred. The demurrer was overruled, and plaintiff in error elected to abide by the demurrer. The court ordered the summons and the service thereon quashed, dismissed the cause and adjudged the costs against the plaintiff in error. Plaintiff sued out this writ of error to review said judgment. The order or judgment of the court is slightly informal. It should not have been that the suit be dismissed, but that plaintiff take nothing by his suit, and that the defendant go hence without day. Wenom v. Fossick, 213 Ill., 70; People v. Severson, 113 Ill. App., 496; Wilkinson v. Olin, 136 Ill. App., 527. But the judgment was final, and this slight error is immaterial.

It is urged that the plea is defective in not averring that at the time the suit was instituted and process served, defendant had no office or was not doing business in the county of Henderson.

Section 2 of the Practice Act, Hurd's Statutes, 1905, provides that "it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found," with certain exceptions not important here. Section 4 of said act provides that any incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county; and in case the proper

officer makes return upon such process that he cannot, in his county, find any clerk or other of the enumerated representatives of the company, then such company may be notified by publication. The plea avers that service in this case was not under either of said sections, and it is urged that if reliance is had upon either of said sections, the service is bad, as the plea denies that the defendant resided or was found in Henderson county and that any of its officers were found in that county and there served.

Section 1 of a separate act which is usually printed in the Practice Act as paragraph 3 thereof, provides that the courts of record of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this State or doing business in this State, and all process issued in any cause commenced in the county wherein the plaintiff may reside, wherein an individual may be plaintiff or complainant and any such company defendant, may be directed to any county of this State for service and return under this section of the Practice Act. "It is by virtue of the foregoing section that the courts of record of the county wherein the plaintiff or complainant may reside are given jurisdiction of all actions wherein an individual is plaintiff or complainant and an insurance company is defendant, and are authorized to direct their process to any county of the State for service and return. It will be noted that the foregoing section of the Practice Act places foreign and domestic insurance companies on the same footing. There is here no attempt upon the part of the legislature to impose any conditions upon foreign companies from which domestic companies are exempted." Ladies of Maccabees v. Harrington, 227 Ill., 522.

Plaintiff, being a resident of Warren county, could, by virtue of said paragraph 3 of the Practice Act, have instituted suit in the Circuit Court of said county, and clothed it with jurisdiction over defendant in error, by causing its process to be issued, directed to any county in this State, and

served upon defendant in error, its agents, or the superintendent of insurance. Johnson v. Hanover Ins. Co., 15 Fed. Rep., 97. This she did not do, but attempted, while a resident of Warren county, to confer jurisdiction upon the Circuit Court of Henderson county, relying presumably upon the 18th section of the act governing accident life insurance companies not organized in Illinois, which provides that every accident life insurance company not organized in this State, before doing business in this State, shall, in writing, appoint an attorney resident in this State, upon whom all lawful process against the company may be served with like effect as if the company existed in this State. The foregoing section only contemplates lawful process issued under and by virtue of said paragraph 3 of the Practice Act, where such process may have issued from a court of record of the county where the plaintiff or complainant resides.

The demurrer was therefore properly sustained, and the judgment of the trial court is affirmed.

*Affirmed.*