## Emil Seghetti, Plaintiff in Error, v. B. F. Berry Coal Company, Defendant in Error.

### Gen. No. 5551.

APPEALS AND ERRORS—*what not final judgment.* An election to abide by a declaration and a judgment for costs is not final and appealable; a judgment to be final must be that the plaintiff take nothing by his suit and that the defendant go hence without day.

Action in case for personal injuries.   Error to the Circuit Court of Putnam county; the HON. T. N. GREEN, Judge, presiding.   Heard in this court at the April term, 1911.   Dismissed.   Opinion filed November 23, 1911.

J. L. MURPHY, for plaintiff in error.

McDOUGALL, CHAPMAN & BAYNE, for defendant in error; MASTIN & SHERLOCK, of counsel.

**Per Curiam.**  The court below sustained a demurrer to an amended declaration filed by plaintiff in error and entered a judgment that defendant recover its costs from the plaintiff and have execution therefor. This is a writ of error sued out by plaintiff below to review that judgment.

The judgment is not final.  It is not in bar of the action.  The abstract states that plaintiff elected to abide

by his amended declaration. This is not sustained by the record. The case is still pending in the court below and the plaintiff may still elect again to amend his declaration or he may hereafter elect to abide by the amended declaration. Even if plaintiff had elected to abide by his amended declaration still there is no final judgment. The judgment should have been that plaintiff take nothing by his suit and that defendant go hence without day. No such judgment having been entered, the judgment for costs is interlocutory only and no appeal or writ of error lies therefrom. We so held in Wilkinson v. Olin, 136 Ill. App. 527; Hartzell v. Maryland Casualty Co., 139 Ill. App. 366, and Williams v. Connors, 149 Ill. App. 129. To the same effect is People v. Board of Education, 236 Ill. 154, and Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200. In the latter case, as here, neither party raised the question. There the Appellate Court took jurisdiction and the Supreme Court decided that the Appellate Court had no jurisdiction and dismissed the appeal. For the reasons there stated this writ of error must be dismissed with leave to plaintiff in error to withdraw his record, abstracts and briefs and to defendant in error to withdraw its briefs.

*Dismissed.*