**Frances Sehnert, Appellant, v. Schipper & Block, Incorporated, Appellee.**

**Gen. No. 5570.**

1. APPEALS AND ERRORS—*when judgment appealed from not deemed to have been entered at the instance of the party appealing.* If the court fails to enter a judgment as it was the duty of the court to do, a party directing the court's attention to such omission in order that an appealable order may be obtained is not deterred from reviewing the judgment entered.

2. PLEADING—*how instruments relied upon must be set forth.* An instrument relied upon in a common law pleading must be set out therein, either according to its legal effect or in *haec verba.* Common law pleading cannot be done by exhibits. If, however, an instrument is set forth by way of an exhibit the point should be raised by special demurrer.

3. PLEADING—*how question of abandonment of cause of action stated in original declaration determined.* The question whether the cause of action stated in one declaration has been abandoned by filing an amended declaration must depend upon a comparison of the amended declaration with the original.

4. STATUTE OF LIMITATIONS—*what non-suit within meaning of section 25.* If, when a cause is regularly called upon the docket, and the plaintiff not appearing, the court dismisses his action, an involuntary non-suit, within the meaning of section 25 of the Statute of Limitations, is deemed to have been suffered.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed April 25, 1912.

MANSFIELD, COWAN & BOULWARE, for appellant.

STEVENS, MILLER & ELLIOTT, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Each count of every declaration filed by appellant in the matter here involved shows that appellee carried on a department store in a building coming to the line of Adams street in the city of Peoria; that in front of the store and extending between three and four feet into the street was a vestibule or lobby some 20 feet long; that the ingress and egress to and from the store was through two doors, one at each end of said vestibule; that said vestibule doors were of wood and glass and swung each way on hinges; and that, as appellee was coming out of the store and was about to pass out through one of those vestibule doors, it swung against her and knocked her down and seriously injured her. The injury was inflicted on December 31, 1906. She began this suit on April 29, 1910, to recover damages for said injuries, and on said day filed a declaration consisting of seven counts. Appellee demurred thereto and the demurrer was sustained. On May 23, 1910, appellant filed an amended declaration, consisting of seven counts. Appellant filed thereto a general and special demurrer. This demurrer was sustained as to the first, fourth and fifth counts and appellant elected to abide by

said counts. The demurrer was overruled as to the second, third, sixth and seventh counts and appellee filed thereto a plea of not guilty and a plea that the causes of action set out in said second, third, sixth and seventh counts did not accrue to the plaintiff within two years before the commencement of the suit. To the latter plea appellant filed an amended replication, hereinafter called the replication, attempting to set up a former suit for the same cause of action and an involuntary non-suit therein and the commencement of this suit within one year thereafter. Appellee filed a general and special demurrer to said replication and said demurrer was sustained and appellant prayed and was granted an appeal therefrom at the March term of court, 1911. Thereafter appellant discovered that no judgment had been entered, and therefore there was nothing from which to appeal (Seghetti v. Berry Coal Co., 164 Ill. App. 488), and at the September term, 1911, she asked the court to render judgment, and the court thereupon rendered judgment on the demurrer in favor of appellee against appellant, and from that judgment this appeal is prosecuted. Appellant contends that the court erred in sustaining the demurrer to the replication and in sustaining the demurrer to the first, fourth and fifth counts of the amended declaration. Appellee contends that appellant procured the judgment in the court below and therefore cannot complain; that the dismissal of the former suit set up in the replication was not an involuntary non-suit and does not avoid the Statute of Limitations; that the causes of action set up in the original declaration, filed in the original suit, were abandoned by filing an amended declaration in said suit after a demurrer to the original declaration had been sustained; and that the causes of action stated in the amended declaration in this suit are new causes, not stated in the amended declaration in the original suit.

When the court sustained the demurrer to the replication and appellant did not desire to amend, it was the duty of the court to enter a judgment, and when, at the next term of court, it was discovered that no judgment had been entered, it was proper for appellant to ask to have a judgment rendered, so that she might appeal. She did not ask that the judgment should be against her, but only that a judgment should be entered. She did not lose her right to appeal therefrom.

The replication shows that the injury was on December 31, 1906; that the original suit, known in this record as No. 881, was begun on August 30, 1907, and on that day a declaration was filed therein, a copy of which declaration was marked "Exhibit A," and attached to and made a part of the replication; that a demurrer thereto was sustained and leave was given to file an amended declaration; that on May 12, 1908, and within two years after the injury, appellant filed an amended declaration, a copy of which declaration was marked "Exhibit B" and attached to the replication as a part thereof; that, at the March term, 1909, a general order was entered in said court that all cases up to No. 1082 not placed for trial and issue joined, would be dismissed for want of prosecution at the first call of the May term, 1909; that, on May 13, 1909, an order was entered in various cases, including No. 881, wherein it was found that the cause had been reached on the peremptory call of the docket and no one appearing to prosecute the same, and it was ordered that the same be dismissed for want of prosecution. The replication alleged that thereafter at said term appellant moved to vacate said judgment and said motion was overruled, and that at a later term, it appearing that the clerk in writing up the proceedings, had omitted the word "incorporated" from the name of the defendant in the title of the cause, appellant procured an order for the correction

of said records by inserting that word in the title of the case. An instrument relied upon in a common law pleading must be set out therein, either according to its legal effect or *in haec verba.* Common law pleading cannot be done by exhibits. Hart v. Tolman, 1 Gilm. 1; Thompson v. Kimball, 55 Ill. App. 249; Chicago Portrait Co. v. Chicago Crayon Co., 118 Ill. App. 98. We are of opinion, however, that this objection must be raised by special demurrer, and this was not one of the grounds specified in the special demurrer to the replication. We refer to this to warn attorneys of the practice, but in the absence of an assignment of this as one of the special causes of demurrer, we shall treat exhibits "A" and "B" as if properly set out in the amended replication.

Paragraph 25 of Chapter 83 of the Revised Statutes concerning Limitations provides that in any of the actions specified in that Act, if the plaintiff be non-suited, he may commence a new action within one year after such judgment. This means a non-suit as at common law, or an involuntary non-suit. Boyce v. Snow, 187 Ill. 181. In Spring Valley Coal Co. v. Patting, 210 Ill. 342, a second suit for a personal injury, the Statute of Limitations was pleaded and the replication showed a prior suit begun before the Statute had run, and that it was dismissed for want of prosecution, and that the second suit was begun a few days later; and the judgment dismissing the former suit for want of prosecution was treated as an involuntary non-suit. Boyce v. Snow, *supra,* is to the same effect, and one of the examples of an involuntary non-suit there given is "when the plaintiff on being called when his case is before the court for trial, neglects to appear." So, in Delano v. Bennett, 61 Ill. 83, the court said:

"If, when a cause is regularly called upon the docket, the plaintiff do not appear, the court should dismiss the suit for want of prosecution, and render judgment as in case of non-suit." This therefore was an involuntary non-suit.

Appellee's counsel contends that when a demurrer has been sustained to a declaration and the plaintiff files an amended declaration, he thereby abandons the cause of action stated in his original declaration and it is out of the case for every purpose, and he cites to support that position, besides many other authorities, George B. Swift & Co. v. Gaylord, 126 Ill. App. 281. This is a misapprehension. We there said that the original declaration "still remained in the record as a test to determine whether future declarations were merely enlarged statements of the same cause of action set forth in the original declaration or were based upon other causes of action, but it was no longer in the case for the purpose of framing or trying issues thereon." We are of opinion that the other cases relied upon by appellee are consistent with that view. An amended declaration may be or may not be the statement of a new cause of action. In one of the cases cited the original declaration was based upon common law negligence, while the amended declaration was based upon the wilful violation of the Mining Act. Manifestly, that amended declaration abandoned the common law liability. But it often happens that the purpose of the amended declaration is to state more perfectly the cause of action which has been imperfectly stated in the original declaration, but which nevertheless is stated and relied upon, though imperfectly, in such original declaration, or a count of the original declaration may have perfectly stated two causes of action and a demurrer may have been sustained thereto because it was double; and the amended declaration may have been for the purpose of stating each of those causes of action in a separate count, and thereby avoiding the duplicity. The question whether the cause of action stated in one declaration has been abandoned by filing an amended declaration must depend upon a comparison of the amended declaration with the original.

The declarations are very long and the charges of negligence must be stated here briefly. The location of the store and the street and the vestibule and the swinging doors and the manner in which appellant was struck and the nature of her injuries and that she was in the exercise of due care are contained in each count and are not materially variant. Some counts charged that appellee set the door in motion, and others that appellee set it in motion by a person passing out just ahead of appellant. The first count of the original declaration charged that appellee unlawfully and improperly erected and maintained said lobby on a public highway, and that, in passing out of said lobby, appellant was struck a violent blow by a swinging door, a part of said lobby, then and there violently set in motion. The second count of said original declaration charged that appellee improperly erected and maintained a lobby on said public highway, and that said doors were constructed of heavy oak timber and plate glass and were of great and excessive weight, and that it was the duty of appellee to maintain them with proper safety appliances to make the same reasonably safe for persons passing in and out of said lobby, and that appellee negligently attached to each of said doors a strong and powerful spring, which caused said doors when opened rapidly to swing violently back and forth, and that, as appellant was passing out, one of said doors was violently set in motion and this caused the other door to violently open, and it struck and threw down appellant. The first count of the amended declaration in the original suit charged that appellee unlawfully erected and maintained said lobby on the public highway, and described said swinging doors and their material and great weight, and the duty of appellee to so construct and maintain them as to make the use of the same reasonably safe for persons passing in and out, and that appellee negligently attached to each

of said doors an unreasonably strong and powerful spring, which caused said doors when open to swing back and forth with unreasonable violence and rapidity; and that appellant was there on the invitation of appellee and was passing out when one of said doors was then and there opened by appellee and violently set in motion by reason of said unreasonably strong spring, so wrongfully and negligently attached thereto, and she was thereby struck and hurt. The second count of the amended declaration in the original suit charged that appellee unlawfully and improperly erected and maintained said lobby on said public highway and it described said swinging doors and their great weight and charged the duty of appellee to so construct and maintain them as to make their use reasonably safe for persons passing in and out of the lobby; but that appellee negligently and wrongfully attached to each of said doors an unreasonably powerful spring, which caused said doors when opened to swing back and forth with unreasonable violence and rapidity; that appellant was there on the invitation of appellee and as she was passing out one of said doors was opened by appellee through a person who immediately preceded appellant in passing out, and said door so opened and violently set in motion by said unreasonably powerful spring, so unreasonably and negligently attached to said door, caused the other door to negligently and violently open without warning and struck appellant a violent blow. All the foregoing counts were filed less than two years after the injury. Coming now to the present suit, it is sufficient to say of the original declaration therein, and of the counts of the amended declaration therein to which a demurrer was sustained, that they were similar in substance. The second count of the amended declaration in the present case charged that appellee wrongfully and unlawfully placed in Adams street and for an unreasonable time maintained

for its own private gain in said street said lobby with heavy doors of glass and wood and with strong springs, allowing said doors to swing back and forth, and in consequence of said wrongful and unlawful conduct of appellee, appellant was struck with great force by one of said doors, opened by another person, and was knocked down. The third count thereof charged that appellee unlawfully and improperly erected and maintained said lobby on said public highway, and as appellant was passing out therefrom she was struck by a swinging door, a part of said lobby, so unlawfully erected and maintained upon said public highway. The sixth count thereof charged that appellee negligently erected and maintained for its own private gain on a public highway said lobby and swinging doors at the ends thereof as a means of ingress and egress for its customers, with doors of timber and glass of great weight, and that it was the duty of appellee to construct and maintain such doors in such a manner as to make the use of the same reasonably safe for persons passing in and out, yet appellee negligently made and hung said doors with unreasonably strong and powerful springs which caused said doors, when opened, to swing back and forth with unreasonable violence and rapidity, and that, in consequence of such negligence, plaintiff was struck by one of said doors when opened and violently set in motion. The seventh count was substantially to the same effect.

It seems to us that this brief statement of the contents of these several declarations is sufficient to show that no new cause of action has been introduced into the case since the original declaration was filed. Some counts describe the store and its location and the width and length of the vestibule and the materials of which it and the doors were made more fully than others, but they describe the same store, the same street, the same vestibule, and the same heavy doors

and the same strong springs, and the same swinging of the doors, and the same blow to appellant. In each declaration is a count charging that the vestibule and doors were unlawfully in the street, and a count charging, perhaps imperfectly in some cases, that the weight of the doors and the strength of the springs and the swinging of the doors were dangerous. We are of opinion that the replication was a complete answer to the plea of the Statute of Limations. Upon an examination of the first, fourth and fifth counts of the amended declaration, we see no reason why they also do not state a cause of action, and we are of opinion that the court also erred in sustaining the demurrer to said counts.

The judgment is therefore reversed and the cause is remanded, with directions to the court below to over-. rule the demurrer to the amended replication to the plea of the Statute of Limitations, and also to over-rule the demurrer to the first, fourth and fifth counts of the amended declaration.

*Reversed and remanded.*