## Clarence R. Hight, Defendant in Error, v. Farmers' Grain Company et al., Plaintiffs in Error.

1. CORPORATIONS, § 156*—*when petition to compel production of corporate books for transfer of stock sufficient.* In mandamus to compel the production of the books of a corporation for the purpose of having stock purchased by the petitioner transferred thereon, the corporation could not by demurrer be heard to object that the petition failed to show whether the stock was fully paid for, where from the copy of the certificates attached to the petition it appeared that such certificates recited that the stock was "fully paid and nonassessable" and transferable only on the corporate books by the holder or his attorney upon surrender of the certificate, and the indorsement showed that it was the intention that 'the certificates should be the subject of purchase and sale.

2. CORPORATIONS, § 132*—*when corporation estopped by recitals of stock certificate.* A corporation which issued certificates of stock reciting that the stock was "fully paid and nonassessable" was not permitted to insist that the representations so made were untrue, in mandamus by a purchaser of stock to compel its transfer to him on the corporate books.

3. MANDAMUS, § 150*—*what not available on general demurrer to petition.* In mandamus to compel the transfer on the corporate books of stock purchased by petitioner, the objection that the copies of the certificates could not be considered because they were attached to the petition as exhibits and were not incorporated in or made part of the petition, although good on special demurrer, was not available upon general demurrer.

4. CORPORATIONS, § 156*—*when petition to compel production of corporate books sufficiently alleges demand.* A petition for mandamus to compel the production of corporate books, the transfer on such books of stock purchased by petitioner and the issuance of new certificates, sufficiently averred the making of a demand to effect such purposes, where the demand was shown to have been addressed to the secretary by name, and to the officers and directors, and it was alleged that among the duties of the secretary he was required to keep a true record of all stock issued, transferred and forfeited.

5. CORPORATIONS, § 136*—*when demand for issuance of stock sufficient.* A demand on a corporation to do a thing is a demand that it set in motion the means by which the thing demanded can be performed; and, therefore, where the president of a corporation was

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

authorized to sign certificates of stock only when ordered to do so by the directors, it was not essential to make a demand on the directors to order the president to sign the certificates and then make a demand on the president to sign them.

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919. Rehearing denied July 9, 1919. *Certiorari* denied by Supreme Court (making opinion final).

HUGH W. HOUSUM and FRED HAMILTON, for plaintiffs in error.

REDMON, HOGAN & REDMON, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The Farmers' Grain Company is a corporation of which J. Mayes is president and J. H. Weidner is the secretary. Defendant in error, Clarence R. Hight, filed in the Circuit Court of Macon county his petition for a writ of mandamus to compel the said corporation and its said officers to produce the corporate books of the said company for the purpose of having certain certificates of stock of the corporation that defendant in error had purchased transferred thereon to him, and to issue new certificates for such stock. Plaintiffs in error filed their general and special demurrer to the petition, which demurrer was overruled. They elected to abide by their demurrer and refused to plead over. Thereupon the court entered judgment against plaintiffs in error for costs and ordered that a peremptory writ of mandamus issue as prayed for in the petition. The correctness of the ruling of the court in overruling the demurrer is challenged by proper assignments of error here.

The special causes of demurrer are as follows:

"1. The said petition fails to allege or show that

said petitioner ever made a demand on either of these defendants for any of the several matters and things for which he prays that the said writ may issue.

"2. The said petition is indefinite, insufficient and uncertain in that it fails to show the alleged 'officers and directors of the Farmers' Grain Company' were, upon whom a pretended demand is alleged to have been made, the said petition merely showing, that 'one J. Mayes is now acting as president, and one J. H. Weidner is now acting as secretary of said corporation,' and that 'thereupon' petitioner 'presented' said certificates to said Weidner, without stating when, or for what purpose.

"3. The portion of the by-laws of said company, as quoted, merely requires the keeping of 'a true record of all stock issued, transferred or forfeited' and the petition fails to show that petitioner has complied with all the requirements of said by-laws in regard to transfer of its stock.

"4. The said written notice contains no demand on either of these defendants.

"5. The said petition fails to show that said stock was wholly paid for at the time of said alleged transfer, or that the said assignment thereof was duly recorded, as required by statute, in the office of the recorder of deeds.

"6. The said petition fails to show that said writ prayed for will afford a proper and sufficient remedy for said alleged claims, in that it fails to show who the true and legal president and secretary of said corporation are.

"7. The said petition is further insufficient in law as will be shown upon the hearing hereof."

These causes of demurrer are all technical. None of them reach the merits of the question of the petitioner's right to have the relief sought.

The first point argued in this court by plaintiff in error is that the petition fails to show whether the stock sought to be transferred on the books of the corporation was fully paid for. A copy of the certificates of stock made the basis of the petition were attached

to the petition. The original certificates were issued by the corporation, and on the face of each of them it is recited that same is ''fully paid and nonassessable, transferable only on the books of the corporation by the holder hereof in person or by attorney upon the surrender of this certificate properly endorsed.'' The indorsement referred to was in the following language which was printed thereon when the same was issued:

''For value received, I hereby sell, assign and transfer unto * * * shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint * * * attorney to transfer the said stock on the books of the within named corporation with full power of substitution in the premises.

Dated ..........................

.......................''

From the recitals in and on these certificates of stock it is clear that it was not only intended that the same should be the subject of purchase and sale but to facilitate such sale by making the transfer thereof convenient, and by giving notice to all prospective purchasers how the same could be transferred and that the same was paid up and nonassessable. Under that state of facts, whatever evil results might follow an attempt to sell stock that was not fully paid for, neither the corporation nor its officers can be allowed to insist that the representations so made were untrue. Plaintiffs in error, however, insist that the copies of the certificates of stock above referred to cannot be considered because the same are attached to the petition as exhibits and are not incorporated in or made a part of the petition. The point would have been well taken if it had been raised by special demurrer, but it was not so raised and cannot now be availed of. *McKinstry v. Bras,* 180 Ill. App. 648; *Schnert v. Schipper & Block, Inc.,* 168 Ill. App. 245.

It is next urged that no proper demand was made

on plaintiffs in error to have the books produced, the transfer made and new certificates issued. The averments of the petition show the service of a notice on J. H. Weidner, the secretary of the corporation, of the purchase by the petitioner of several certificates of shares of stock and the assignment of the same to him by the original owners and a demand in the following words:

"I hereby demand permission under the different powers of attorney aforesaid, to make a transfer of each and every one of the above named certificates of stock 'upon the books of said corporation to me and herewith present the said original certificates of the shares of stock aforesaid, and the endorsements thereon for the purpose of being allowed to transfer all of said certificates of stock on the books of the said corporation to me, and after the said transfer of all of the above mentioned certificates are so transferred by me on the books of the said corporation, I hereby demand of you and the officers of said corporation that new certificates of stock be issued to me by said corporation for all of the above mentioned certificates of stock."

This demand was addressed "To J. H. Weidner, Secretary of the Farmers' Grain Co., Dalton City, Illinois, a corporation, and to the officers and directors of said corporation." The petition further shows that among the duties of the secretary of the corporation he is required "to keep a true record of all stock issued, transferred or forfeited." The petition therefore sufficiently shows that the demand was made on the officer of the corporation charged with the duty of keeping the records of such transfers of stock as the petitioner was desirous of making, and was clearly sufficient. *Case v. Citizens' Bank of Louisiana,* 100 U. S. 446; *Smith v. Northampton Bank,* 4 Cush. (Mass.) 1, 11; *Commercial Bank v. Kortright,* 22 Wend. (N. Y.) 348; Cook on Corporations (4th Ed.), vol. 1, pp. 742, 743 (note). Notice to, or a demand on,

or a knowledge of, the managing officers of a corporation is binding on the corporation. *American Straw-board Co. v. Peoria Strawboard Co.,* 65 Ill. App. 522; *Indiana, I. & I. R. Co. v. Swannell,* 157 Ill. 616; *Quincy Coal Co. v. Hood,* 77 Ill. 68; *Waters v. West Chicago St. R. Co.,* 101 Ill. App. 265. The demand was broad enough to base an order on, for all the relief prayed for in the petition and the service of the demand on the secretary of the corporation was a demand on the corporation and all of its officers who were called upon to move in performing the acts demanded. The contention made by plaintiff in error that because the president of the corporation was authorized to sign certificates of stock only when ordered to do so by the directors and that therefore a demand must be made on the directors to order the president to sign the new certificates and then a demand afterwards made on the president to sign them, cannot be upheld. The things demanded were to be performed by the corporation which of course can only act through its officers and directors, and a demand on a corporation to do a thing is a demand that the corporation set in motion the means by which the thing demanded can be performed. In the case of *Commercial Bank of Buffalo v. Kortright,* 22 Wend. (N. Y.) 348, the court in speaking of how a demand on a corporation should be made said:

"It is sufficient for him to apply at the bank during the usual hours of business, and make his demand upon the officers and clerks who may be in attendance there; and in case they are not authorized to transact that particular business, they must either refer him to the proper officer in the bank, or procure the attendance of such officer, or of the board of directors, if necessary, without any reasonable delay. * * * In the absence of any proof to the contrary, it, may be fairly presumed that the principal officer or clerk in attendance at the bank, during the usual hours of busi-

ness, is authorized to permit such a transfer when proper."

The petition in this case contained all of the averments necessary to warrant the issuance of the peremptory writ, and the order and judgment of the Circuit Court are affirmed.

*Affirmed.*