LIZZIE WENOM

*v.*

HENRY FOSSICK *et al.*

*Opinion filed December 22, 1904.*

JUDGMENTS AND DECREES—*when judgment is not final.* A judg-ment against the plaintiff for costs upon his electing to stand by his overruled demurrer to the special pleas is not a final judgment where two pleas of the general issue filed by the defendants are un-disposed of, there being no terms in the judgment disposing of the entire subject matter of the litigation.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

B. H. CANBY, for plaintiff in error.

BURTON & WHEELER, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On March 27, 1903, defendants in error recovered a judgment against plaintiff in error in the circuit court of Madison county for costs of suit. For the purpose of having that judgment reviewed, plaintiff in error sued out a writ of error from the Appellate Court for the Fourth District. That court dismissed the writ, assigning as a reason there-for, that the judgment in question was not a final judgment, and the cause comes to this court upon a writ of error.

Lizzie Wenom, the plaintiff in error, brought suit against Henry Fossick and Julius Rosenberg, defendants in error, in trespass. Her declaration, which was filed on April 24, 1902, contained but one count, and charged defendants in error with having broken and entered her house. Each of the defendants filed a plea of the general issue, and such pro-ceedings were had in the cause that on March 27, 1903, in

addition to the pleas of the general issue, defendants had on file certain special pleas, which may be designated as Rosenberg's second amended plea, Fossick's second amended plea, Fossick's third special plea, and the joint and additional plea of both defendants. On that day the plaintiff interposed a general demurrer to all of these special pleas, which were the only special pleas on file. The court overruled this demurrer, the plaintiff elected to abide the demurrer, and the following judgment was entered:

"On this day come the parties by their attorneys, and the court hears argument of counsel on demurrer to two pleas as amended, and to additional pleas, and being sufficiently advised overrules said demurrer, and plaintiff by attorney excepts and elects to stand by demurrer. It is therefore considered and ordered by the court that the defendants have judgment for and recover of and from the plaintiff their proper costs in this behalf expended and have execution therefor. Plaintiff prays an appeal to the Appellate Court, Fourth District of the State of Illinois, which is allowed upon her entering into bond in the sum of $100 with security to be approved by the clerk of this court. Bond and bill of exceptions to be filed in thirty days."

It will be observed that this judgment did not dispose of either plea of the general issue, and did not in terms dispose of the rights of the parties. To make it a final judgment it should, according to the authorities, have contained a statement that "it is considered by the court that the plaintiff take nothing by her writ, and that the defendants go hence without day," or other words of similar import, disposing of the entire subject matter of the litigation. Freeman on Judgments, (2d ed.) sec. 16; Black on Judgments, sec. 31; *Scott* v. *Burton,* 6 Tex. 322; 11 Ency. of Pl. & Pr. p. 925; *Dusing* v. *Nelson,* 7 Col. 184.

It may be conceded that when the defendant's plea goes to bar the action, if the plaintiff demurs to it and the demurrer is determined in favor of the plea and plaintiff abides the

demurrer, final judgment should be entered in favor of the defendant even if one or more issues of fact raised by other pleadings stand undetermined in the cause. (*Ward* v. *Stout,* 32 Ill. 399.) The question here is not whether final judgment should have been entered against the plaintiff, but, was it so entered? We think, under the authority of *Zimmerman* v. *Zimmerman,* 15 Ill. 84, that a judgment which disposes of, or finds, all the issues in the cause in favor of the defendant and awards the costs against plaintiff, may be regarded as a final judgment even though not strictly in proper legal form; but here the two pleas of the general issue are not disposed of at all, and under such circumstances, we do not consider a judgment for costs against the plaintiff as a final determination of the cause.

It follows, therefore, that the judgment of the circuit court set out above is interlocutory, and that the cause must be regarded as still pending in that court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*