THOMAS B. LARKINS

*v.*

THE TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS.

*Opinion filed April 17, 1906.*

1. RES JUDICATA—*a finding of facts by Appellate Court is an adjudication that such facts exist.* A finding of facts incorporated in a judgment of the Appellate Court reversing a judgment at law without remanding cause is an adjudication that such facts exist.

2. SAME—*when judgment of Appellate Court is res judicata.* A judgment of the Appellate Court reversing a judgment at law for damages against an employer for personal injuries without remanding the cause, and containing a recital that the negligence alleged was not the proximate cause of the injury, and that the plaintiff was guilty of negligence contributing to the injury, which was incident to his employment and the risk of which was assumed by him, is *res judicata* while unreversed, and bars a second suit on the same cause of action.

3. CONSTITUTIONAL LAW—*section 87 of Practice act does not violate right to trial by jury.* The right of trial by jury as enjoyed at the time of the adoption of the constitution of 1870 is not violated by section 87 of the Practice act, authorizing the Appellate Court, in a proper case, to make a finding of facts, which shall be final and conclusive as to all matters of fact in controversy in the case.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

On February 13, 1902, plaintiff in error, Larkins, began an action of trespass on the case against defendant in error, the Terminal Railroad Association of St. Louis, (hereinafter referred to as the association,) in the city court of East St. Louis, to recover damages for personal injuries sustained by him while in the employment of the association as foreman of a switching crew, and resulting, as charged by the

declaration, from the negligence of the master. The case was tried in the city court and Larkins recovered a judgment for $15,000. The association appealed to the Appellate Court for the Fourth District, where the judgment was reversed. No remanding order was entered. The Appellate Court incorporated in its judgment the following finding of facts:

"That the negligence alleged in the declaration was not the proximate cause of the injury complained of, that the plaintiff was guilty of negligence which contributed to the injury, and that the injury suffered was incident to the business in which the plaintiff was engaged, the risk of which he assumed." *Terminal Railroad Ass.* v. *Larkins,* 112 Ill. App. 366.

No appeal or writ of error was prosecuted to review that judgment of the Appellate Court, but thereafter, and on February 26, 1904, Larkins began a second suit against the association, upon the same cause of action, in the city court of East St. Louis, laying his damages at $25,000. The venue was changed to the circuit court of St. Clair county. The association filed the general issue, a plea of former adjudication, setting up the judgment of the Appellate Court with its finding of facts, and a plea of the two-year Statute of Limitations. Larkins demurred to the plea of *res judicata* and replied to the plea of the Statute of Limitations. To this replication the association rejoined, and a demurrer to this rejoinder was interposed by Larkins. The question whether the judgment of the Appellate Court, with its finding of facts, was a bar to the plaintiff's right to recover in the second suit arose on each demurrer. The circuit court overruled both demurrers. Larkins elected to stand by the demurrers, the circuit court entered judgment in bar of the action against him, and he appealed to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed by a judgment entered on September 8, 1905, whereupon Larkins sued this writ of error out of this

court to review the last mentioned judgment of the Appellate Court.

F. C. SMITH, and M. MILLARD, for plaintiff in error:

Nothing is *res judicata* unless it is merged in a judgment. A verdict or finding of facts alone is not *res judicata.* There must be a judgment on the verdict or finding. *Stubbings* v. *Durham,* 210 Ill. 551; *Wadsworth* v. *Connell,* 104 id. 374; *Randolph* v. *Insurance Co.* 71 id. 190.

The judgment of the Appellate Court is not, in form or legal effect, a judgment upon its finding as to the facts. *Chicago Portrait Co.* v. *Crayon Co.* 217 Ill. 201; *Wenom* v. *Fossick,* 213 id. 71.

It was not adjudged that the plaintiff take nothing by his suit and that the defendant go hence without day. There was no determination of that kind in the judgment entered.

The Appellate Court has no power to render judgment on its own findings in a personal injury case unless a jury has been waived. *Spring Valley* v. *Coal Co.* 173 Ill. 497.

A judgment is not an estoppel or bar to matters arising out of the action when it has been reversed by a court of review. *Stubbings* v. *Durham,* 210 Ill. 542.

Upon the reversal of a judgment without remanding the cause there is no judgment whatever, except for the costs of the appeal, under the statute. *Spring Valley* v. *Coal Co.* 173 Ill. 506.

The law is well settled that if a judgment is reversed the parties are to be restored to their original rights. *McJilton* v. *Love,* 13 Ill. 494.

Nor does a judgment of reversal, when the cause is remanded, prevent the institution of another suit. *Koon* v. *Nichols,* 85 Ill. 155; *Dowden* v. *Wilson,* 108 id. 260; *Coal Co.* v. *Chicago,* 158 id. 14.

The reversal of a judgment by the Appellate Court with a finding of facts is not a bar to another action. *Bolt Co.* v.

*Rose,* 69 Ill. App. 125; *Railway Co.* v. *Berg,* 57 id. 524; *Bank* v. *Lumber Co.* 43 id. 529; *Monahan* v. *Lovece,* 70 id. 69.

J. M. HAMILL, for defendant in error:

Appellate Courts are by the statute vested with all power and authority necessary to carry into complete execution all their judgments, decrees and determinations in all matters within their jurisdiction, according to the rules and principles of the common law and of the law of this State. Starr & Cur. Stat. chap. 37, sec. 29.

In all cases of appeal and writs of error Appellate Courts may give final judgment and issue execution. Starr & Cur. Stat. chap. 110, sec. 81.

Where the Appellate Court finds the facts different from the trial court under section 87 of the Practice act, and recites in its final judgment the facts as found, that judgment is final and conclusive. *Coker* v. *Railroad Co.* 183 Ill. 223; *Williams* v. *Forbes,* 114 id. 167.

The decision of the Appellate Court being conclusive as to all matters of fact cannot be reviewed by this court. Whether the finding of that court is right or wrong, that is the end of it. *Martin* v. *Martin,* 212 Ill. 301; *Harzfeld* v. *Converse,* 105 id. 534; *Hayward* v. *Merrill,* 94 id. 349; *Tenney* v. *Foote,* 95 id. 99; *Furnace Co.* v. *Abend,* 107 id. 44.

Judgments of the Appellate Court are final, within the meaning of the statute, when they are such as to put an end to litigation by determining the rights of the parties therein. This may be done by reversing without remanding and finding the facts. *Fanning* v. *Rogerson,* 142 Ill. 478.

If the Appellate Court, in reversing a judgment at law without remanding, finds the ultimate facts controlling the issues and recites them in its judgment, the facts so found must be accepted as true, and such finding is conclusive upon this court. *Davis* v. *Edison Co.* 195 Ill. 31.

The right of trial by jury as it was enjoyed at the time of the adoption of the present constitution was not the right of an indefinite number of jury trials in the same cause, where an appellate court, on a review of the case, should find that a recovery would be merely a perversion of justice. Such right of trial by jury was never deemed to be invaded by the reversal of a cause without remanding it for another trial. *Borg* v. *Railway Co.* 162 Ill. 348.

Justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties. *Hanna* v. *Read,* 102 Ill. 596; *Wright* v. *Griffey,* 147 id. 496; *Railway Co.* v. *Carson,* 169 id. 247; *Markley* v. *People,* 171 id. 260; *Cromwell* v. *County of Sac,* 94 U. S. 526; *Davis* v. *Brown,* id. 423; *Betts* v. *Starr,* 5 Conn. 550; *Parker* v. *Standish,* 3 Pick. 288; *VanRensselaer* v. *Akin,* 22 Wend. 549; *Aurora City* v. *West,* 7 Wall. 82; *Young* v. *Black,* 7 Cranch, 565.

Where the finding of facts of the Appellate Court contains all the ultimate controlling facts in the case its decision is binding upon this court and is an absolute bar to another suit upon the same cause of action, and constitutes *res judicata.* *Martin* v. *Martin,* 212 Ill. 301.

The doctrine of *res judicata* is not limited to those things which are actually pleaded and litigated, but it extends to every other matter properly involved in the litigation which might have been raised and determined in it. *Springer* v. *Darlington,* 198 Ill. 121; *Bennitt* v. *Mining Co.* 119 id. 9.

The finding of the Appellate Court that the defendant was not indebted to the plaintiff, or that the plaintiff, at and before the time he was injured, was not in the exercise of ordinary care and caution for his safety, is a sufficient finding of ultimate facts under the statute, conclusive upon this court, and a bar to another suit on the same cause of action.

*Martin* v. *Martin,* 212 Ill. 301; *Caywood* v. *Farrell,* 175 id. 480; *Williams* v. *Forbes,* 114 id. 167; *Brown* v. *Aurora,* 109 id. 169; *Coker* v. *Railroad Co.* 183 id. 223.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff recovers a judgment in the *nisi prius* court, which is reversed by the Appellate Court and the cause is not remanded. The Appellate Court incorporates in its judgment a finding of facts, from which it appears that the plaintiff is without right to recover. No appeal or writ of error is prosecuted to reverse the judgment of the Appellate Court. Is that judgment of the Appellate Court, with the finding of facts, a bar to a second suit by the same plaintiff upon the same cause of action? Plaintiff in error answers no, and relies upon section 25 of chapter 83, Hurd's Revised Statutes of 1903, which reads:

"In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

To the question propounded above, defendant in error answers yes, and relies upon section 88 of chapter 110, Hurd's Revised Statutes of 1903, which reads:

"If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal

221—28

or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause."

Plaintiff in error first urges that the finding of facts is not in form or effect a judgment, and that a mere verdict or finding of fact is not *res judicata.*

The judgment of the Appellate Court does not provide that the appellant go hence without day, or that the appellee take nothing by his suit, or other words of like import showing a final disposition of the subject matter of the litigation, which, by the common law, are necessary to a final judgment in favor of a plaintiff in a court of original jurisdiction. (*Wenom* v. *Fossick,* 213 Ill. 70; *Chicago Portrait Co.* v. *Crayon Co.* 217 id. 200.) Such a recital is made unnecessary by section 88, *supra,* which points out the effect that shall be given the judgment of the Appellate Court in which the finding of facts is recited, viz., it "shall be final and conclusive as to all matters of fact in controversy in such suit." We regard a finding of facts by the Appellate Court as an adjudication that the facts as found exist.

Our attention is called to the cases of *Union Nat. Bank* v. *Manistee Lumber Co.* 43 Ill. App. 525, *Chicago, Rock Island and Pacific Railway Co.* v. *Berg,* 57 id. 521, *Chicago Forge and Bolt Co.* v. *Rose,* 69 id. 123, and *West Chicago Street Railroad Co.* v. *Boeker,* 70 id. 67. In each of those cases the Appellate Court for the First District expressed the opinion that a judgment and finding of facts, such as we are now considering, would not bar a second suit for the same cause of action. An examination of these cases, however, shows that the point was not involved in the decision of either case. The only reasoning on the subject in any of these authorities that can be regarded as supporting the opinion expressed, is found in *Chicago Forge and Bolt Co.* v. *Rose, supra,* and is to the effect that the only purpose of

the statute in requiring the finding of facts by the Appellate Court was, that this court might be advised of the basis of fact upon which the Appellate Court proceeded, and be thereby enabled to determine whether the Appellate Court correctly determined the law of the case, and that the finding of facts, therefore, was without effect except in the particular suit in which it was made. With this reasoning we do not agree,—first, because it does violence to the language of section 88, *supra;* and second, if that was the only purpose of the finding of facts, the legislature would, no doubt, have excepted from the operation of the statute requiring a finding of facts that large class of cases in which the judgment of the Appellate Court cannot be reviewed by this court.

It is then urged that the Appellate Court has no power, where there has been a jury trial, to render a judgment finding the facts different from the finding of the *nisi prius* court. So to do, it is said, would violate the constitutional right of the parties to a trial by jury.

In this regard plaintiff in error relies principally upon the case of *City of Spring Valley* v. *Coal Co.* 173 Ill. 497. In that case, it is to be observed, the defendant recovered a judgment in the court of original jurisdiction. In the Appellate Court the judgment was reversed without a remanding order, the facts were found, and the Appellate Court then went further and assessed plaintiff's damages and entered a judgment in favor of the plaintiff for the amount of such damages. In this court it was determined that the Appellate Court exceeded its power in assessing the damages and entering judgment for the amount thereof, and language used by this court in reference to the power of the Appellate Court to enter judgment must be considered in the light of the proposition then before us. There was then no question here as to the effect to be given a finding of facts by the Appellate Court, made in exact pursuance of the statute. We have frequently held that the right of trial by jury, as it was enjoyed at the time of the adoption of the constitution of

1870, is not infringed by the statute authorizing the Appellate Court, in proper case, to make a finding of facts which "shall be final and conclusive as to all matters of fact in controversy in such cause." (*Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348, and cases there cited; *Earnshaw* v. *Western Stone Co.* 200 Ill. 220.) It seems unnecessary to repeat the views heretofore expressed by us on this subject.

We conclude that the case at bar does not come within the provisions of section 25, *supra*.

The judgment of the Appellate Court will be affirmed.

<em>Judgment affirmed.</em>