### John Kickham v. Jerry J. Kane et al.

1. JUDGMENT—*when final for purposes of appeal. Held*, that a judgment in an action of debt in form set forth in the opinion disposes of the entire subject-matter of the litigation, and was therefore final and appealable.

2. ATTACHMENT—*when sheriff bound to levy without indemnifying bond*. Possession of property by the attachment defendant is *prima facie* evidence of ownership and without knowledge of other claim the sheriff is bound to levy without an indemnifying bond.

3. DEPARTURE—*how must be availed of*. A departure in pleading to be availed of must be made the subject of special demurrer.

Action of debt. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

McHALE & SUMNER and WEBB & WEBB, for appellant.

B. H. CANBY and FREELS & JOYCE, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of debt brought by appellant against appellees on an official bond in the sum of two thousand dollars, given to appellant by Jerry J. Kane, as principal, and the other appellees as sureties. The bond is set out in the declaration and recites that appellant as sheriff of St. Clair county, on April 19, 1900, appointed as his deputy Jerry J. Kane, who accepted said office and entered upon the duties thereof. One condition of the obligation is that "if the said Jerry J. Kane shall well and truly perform his duties as such deputy * * * and shall save and keep harmless the said John Kickham, as sheriff of said county of St. Clair, from damages and injuries that may arise from improper and unlawful acts either of commission or omission on the part of said Jerry J. Kane, as such deputy sheriff, then this obligation to be void, otherwise to remain in full force and effect." It is assigned as a breach of bond that, "on to wit, the first day of September, A. D. 1900, there issued out of the City Court of the City of East St. Louis, in the county of St. Clair and state of Illinois, under the hand and seal of the clerk of said court, three certain writs of attachment, directed to the plaintiff, as sheriff of St. Clair county, state of Illinois, to be levied upon the goods, chattels and effects of one Woodson-Young Grain Company. And plaintiff avers that on, to wit, the 1st day of September, A. D. 1900, the said writs of attachment duly came to the office of this plaintiff, and to the hands of Jerry J. Kane, as deputy of the plaintiff, sheriff as aforesaid, to be executed and was by him improperly and wrongfully levied upon certain personal property to wit: a lot of No. 2 graded white corn

in bins numbered as follows: 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, in the elevator of the Woodson-Young Grain Company; a lot of corn in car No. 12145, Illinois Central R. R. Co., standing on track No. 4 in Main street yards of said company; and all of No. 2 graded white corn in bins numbered as follows: 1, 4 and 6 in the elevator of the Transfer Elevator and Grain Company, as the goods, chattels and effects of the said Woodson-Young Grain Company, and without exacting of and taking from the plaintiffs in said attachment suits an indemnifying bond, conditioned to save and keep harmless this plaintiff from a wrongful levy upon such goods and chattels, although he, the said Jerry J. Kane was cautioned against making said levies without exacting and taking such indemnifying bonds, and although requested and notified that such bond should be taken.'' It is further averred that the corn levied upon was afterwards adjudged to have been the property of one Benjamin F. Hargis at the time of the levy, and that in executing the said writs of attachment Kane acted without the knowledge, consent or direction of the plaintiff. The plaintiff avers that in an action brought by Hargis against plaintiff in the United States Circuit Court to recover damages for the wrongful levy upon his property, Hargis recovered judgment for $1,480.83 damages, that Kane had notice of the suit by Hargis and of the judgment recovered, and has not paid any part thereof; and that plaintiff has paid and satisfied said judgment. This action is to recover the sum paid on the Hargis judgment and the expense of that litigation.

To the declaration the defendants filed eleven pleas, of which only the fifth, which is in bar of the action, except as to nominal damages, need be considered. Plaintiff demurred to the fifth plea and the demurrer was overruled. Plaintiff elected to stand by the demurrer and thereupon the court entered a judgment for the plaintiff in the sum of $2,000 in debt, and the sum of $1 nominal damages, as confessed by said fifth

plea, the debt to be discharged upon the payment of the damages and costs of suit, and that the plaintiff take nothing further by his said suit, and that the defendants go hence without day. This judgment disposes of the entire subject-matter of the litigation and is final. Wenom v. Fossick, 213 Ill. 70. The fifth plea, upon which the judgment was rendered, admits the issuance of the writ of attachment as alleged in the declaration, that said writs came to the office of the plaintiff as sheriff and into the hands of the defendant Kane, as deputy of the plaintiff, to be executed. The plea was that defendant Kane, as deputy, by direction of the plaintiffs in attachment, levied said writ upon the corn mentioned as the property of the Woodson-Young Grain Company, the defendant in the attachment writs, that said property was then in possession of the said Woodson-Young Grain Company and that defendant Kane had no notice or knowledge that the property was not then and there the property of the said Woodson-Young Grain Company. It is averred in the plea that within twenty-four hours of the levy by Kane, Hargis, the owner of the property levied upon, demanded of plaintiff possession of the same and exhibited evidence of his ownership and right of possession, but that plaintiff refused to release the levy and surrender possession of the property. The plea concludes with a verification and prayer for judgment as to damages except nominal damages admitted.

The grounds of the demurrer to this plea were: (1) that the demand by Hargis was not in writing; (2) that Hargis did not tender the plaintiff a forthcoming bond, or any bond, at the time of his demand for possession; (3) that plaintiffs in attachment suits did not consent or direct plaintiff to release the levy; (4) that the property had not been adjudged to be in Hargis prior to his demand for possession; (5) that Hargis did not agree to receive said goods in full satisfaction of damages sustained by him.

By the demurrer the plaintiff admits the facts as averred in the plea. Defendants aver that Kane, the deputy, was directed by the plaintiffs in the attachment writs to levy upon the property in question, that said property was then in possession of the defendant in the writs, that Kane did not know that the property was not the property of the defendant in said writs. These averments are a complete and sufficient answer to the complaint and allegation that Kane did not require an indemnifying bond of the attachment plaintiffs before making the levy. Possession of the property by the attachment defendant was *prima facie* evidence of ownership, and without knowledge of other claim, the deputy was bound to make the levy without an indemnifying bond. There was no reasonable grounds upon which to require a bond. Not to have made the levy under the circumstances would have subjected appellant as sheriff to an action for damages by the attachment plaintiffs. He did no more nor less than was required by law in the proper performance of his official duty. In argument appellant. directs attention to the allegation in the declaration that Kane was cautioned against making the levy without exacting an indemnifying bond. This does not affect the merit of the plea upon any question made by the demurrer. If under the facts set out in the plea it would have been the duty of the sheriff to levy upon the property, it was likewise the duty of his deputy, notwithstanding the caution or direction by the sheriff, to require a bond. In such case the duty of the deputy, imposed by statute, is the same as that of the sheriff and what he did in this case, as averred by the plea, was no breach of his bond to the sheriff. Again, it is said by appellant that the declaration alleges that only a part of the property levied upon was in possession of the attachment defendant, while the plea avers his possession of the whole. The possession in other than the attachment defendant is not clearly alleged in the declaration. The allegation is ambiguous and the

averment by the plea that all the property was in possession of the defendants in the attachment writs will not be treated as departure. It is to be taken as the defendant's interpretation of plaintiff's allegation. If erroneous, it could be reached only by special demurrer, which was not done in this case. The levy being authorized, required by law, there was no breach of defendant's bond in taking the property under the attachment writs. What might or could have been done afterwards to relieve the plaintiff from Hargis' claim for damages was for plaintiff to determine as he held the writs and property from the time of the levy. Whether he could have called for indemnity bond after levy made, or could have applied to the court requiring such bond, or satisfied that the property belonged to Hargis could have released the property and relieved himself from action by Hargis and the plaintiffs in attachment, are questions discussed at length by counsel, but need not be decided, for the reason that the defendant, having performed his duty in making the levy, is not concerned with what plaintiff did, failed to do or might have done thereafter. He cannot be held liable in this action under the issues made by the pleading. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*