THE PEOPLE *ex rel.* Jeremiah Ring *et al.* Appellants, *vs.* THE BOARD OF EDUCATION OF DISTRICT No. 24, ETC., SCOTT COUNTY, ILLINOIS, Appellee.

*Opinion filed October 26, 1908.*

1. PLEADING—*mandamus suit is governed by ordinary rules of pleading.* Under the Illinois statutes *mandamus* is an ordinary action at law and is governed by the same rules of pleading applicable to other actions at law.

2. APPEALS AND ERRORS—*judgment sustaining general demurrer and awarding costs is not final.* An order sustaining a general demurrer to a petition for *mandamus* is not a final, appealable order, though it recites that the petitioners except to the ruling of the court and abide by their petition and that the defendants recover their costs from such petitioners.

APPEAL from the Circuit Court of Scott county; the Hon. R. B. SHIRLEY, Judge, presiding.

THOMAS F. FERNS, for appellants.

J. A. WARREN, and J. M. RIGGS, for appellee.

Per CURIAM: This is a petition filed in the circuit court of Scott county by certain parties who were tax-payers and residents of the school district of which appellee is the board of education, for a peremptory writ of *mandamus* against said board to direct it to cause the teachers to discontinue the practice of reading passages from the King James version of the Bible in the school rooms, from offering up the Lord's Prayer as found in that version, and singing certain hymns. Appellee filed a general and special demurrer to the petition as amended, and on hearing the circuit court entered an order sustaining the demurrer to the second amended petition of the relators, and reciting that "the petitioners jointly and severally except to the ruling of the court on said demurrer and abide by their second amended petition and decline to plead further, and it is further considered and adjudged by the court that the defendant have and recover of the relators their costs by them in this behalf expended." The petitioners thereupon excepted to the rendition of the judgment for costs and jointly and severally prayed an appeal to this court on the ground that a constitutional question was involved.

Appellee insists that the judgment order sustaining the demurrer was interlocutory and not final, and was therefore not appealable. (*Knapp* v. *Marshall*, 26 Ill. 63; *Gage* v. *Rohrbach*, 56 id. 262; *Fleece* v. *Russell*, 13 id. 31; *Gage* v. *Eich*, 56 id. 297; *March* v. *Mayers*, 85 id. 177; *Campbell* v. *Powers*, 139 id. 128; *Livingston County Building Ass.* v. *Keach*, 213 id. 59.) Appellants concede that an order sustaining a demurrer is not a final and appealable one,

but insist, as this order further recited that the appellants elected to abide by their petition, declined to plead further and judgment for costs was rendered, that therefore it was a final order. Appellants contend, and we think that the wording of the order sustains the contention, that the judgment order shows that the court sustained the general demurrer. Under our statute *mandamus* is an ordinary action at law and is governed by the same rules of pleading as are applicable to any other actions at law. (*Dement* v. *Rokker,* 126 Ill. 174; *People* v. *Crabb,* 156 id. 155.) This court, in *Chicago Portrait Co.* v. *Crayon Co.* 217 Ill. 200, discussing a judgment order almost in the identical language of that here under consideration, held that it was not final, and that the statute only authorized appeals from final judgments, and said (p. 201): "The circuit court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final." As was said by this court in *Wenom* v. *Fossick,* 213 Ill. 70, the question here is not whether final judgment should have been entered against the defendant, but whether it was so entered. These decisions are conclusive on the questions here raised. We held in both of them that a judgment for costs against the losing party was not a final determination of the cause. See, also, on this point, *Larkins* v. *Terminal Railroad Ass.* 221 Ill. 428, and *Sullivan* v. *People,* 224 id. 468.

As the present appeal is prosecuted from an interlocutory order, merely, it must necessarily be dismissed

*Appeal dismissed.*