(No. 15030.—Appeal dismissed.)

THE PEOPLE *ex rel.* J. F. Hesterman, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1922.*

1. TAXES—*a judgment for taxes must comply with statute.* A judgment for taxes must be in substantial compliance with the form prescribed in section 191 of the Revenue act and must recite that it is against the lots and lands that have been returned delinquent and in favor of the People for the amount of the taxes, interest, penalties and costs.

2. APPEALS AND ERRORS—*record must show entry of judgment to give Supreme Court jurisdiction.* To give the Supreme Court jurisdiction of an appeal it is necessary that there should be an entry of record containing the essential elements of a judgment, and the appeal must be dismissed if the record does not show such judgment.

APPEAL from the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

J. A. CONNELL, and SIDNEY F. BLANC, (BRUCE SCOTT, of counsel,) for appellant.

C. W. REED, State's Attorney, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The county collector of DuPage county made application at the June term, 1922, of the county court of said county for judgment against the property of appellant for delinquent taxes for the year 1921. Appellant objected to the levy by the Forest Preserve District of DuPage county and to the levy by school districts Nos. 58, 80 and 86. The aggregate taxes extended against appellant under the levies in question amounted to $8018.82.

The record shows that on the 9th day of the June term, 1922, of the county court of DuPage county, the following order was entered:

"In the matter of the application of John F. Hesterman, county collector, for judgment against the delinquent lands and lots for taxes, special assessments, special taxes, costs, and interest due and unpaid thereon.    } *Order.*

"And now on this day this matter coming on to be heard, * * * it is hereby ordered that * * * objection to forest preserve tax is overruled; * * * objection as to school district No. 58 is overruled; objection as to school district No. 80 overruled; objection as to school district No. 86 overruled. * * * Exception by objector. Judgment entered. Objector prays an appeal to the Supreme Court of the State of Illinois, which is allowed upon filing bond in the sum of $200 within thirty days. Bill of exceptions sixty days.

S. L. RATHJE, *County Judge.*"

This is not a judgment in favor of anyone against the lots and lands in question. The judgment should be against the lots and lands returned delinquent and in favor of the People of the State of Illinois for the amount of taxes, interest, penalties and costs. Section 191 of the Revenue act prescribes the form of the judgment to be entered. It has frequently been held that the judgment entered must be in substantial compliance with that statute. (*People* v. *Glick,* 282 Ill. 198.) The entry we have quoted above is no more than a mere memorandum by the judge from which a formal judgment might be written. It is necessary that there should be an entry of record containing the essential elements of a judgment. (*City of Alton* v. *Heidrick,* 248 Ill. 76.) There being no final judgment no appeal could be taken, and so we must dismiss this appeal. *Wenom* v. *Fossick,* 213 Ill. 70; *Chicago Portrait Co.* v. *Crayon Co.* 217 id. 200; *People* v. *Board of Education,* 236 id. 154.

*Appeal dismissed.*