Birdie Robinson, Conservatrix of the Estate of Max Robinson, Plaintiff in Error, v. Roy J. Stewart, Defendant in Error.

Gen. No. 33,015.

Opinion filed
March 26, 1929.

FRANK MICHELS, for plaintiff in error; JAMES ROSEN-THAL, SIDNEY LEVY and HOWARD M. OBERNDORF, of counsel.

GEORGE KANDLIK, for defendant in error; ELMER M. LEESMAN, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On July 5, 1922, Max Robinson, an attorney at law residing in Chicago, commenced an action in case, in the superior court of Cook county, for damages for false imprisonment against Roy J. Stewart (sheriff of McHenry county and a resident of that county), the Chicago and Northwestern Railway Company, a corporation, and S. A. Dickson and James McCarthy (residents of Cook county). In the declaration it was averred in substance that on June 1, 1921, defendants seized plaintiff in Chicago and compelled him to go to a police office; that afterwards he was taken by train to Woodstock, McHenry county, and there imprisoned in the county jail of McHenry county for a period of 20 hours; and that thereby he suffered public disgrace and was injured in his credit and reputation and in his practice as an attorney. Each of the defendants filed separate pleas of the general issue.

On April 21, 1926, Max Robinson having been duly adjudged insane and Birdie Robinson (his sister) appointed as his conservatrix, the court ordered that she, as conservatrix, be substituted as plaintiff, etc. On November 28, 1927, when the case was called for trial, the Railway Company was dismissed as a defendant and the trial proceeded as to the three remaining defendants, Stewart, Dickson and McCarthy.

On the trial plaintiff testified, as did several witnesses for her, and she introduced certain documentary evidence. Dickson and McCarthy testified, but Stewart was not called as a witness. On November 29, 1927, the jury returned two verdicts, in one of which they found Dickson and McCarthy not guilty, and in the other found Stewart guilty and assessed plaintiff's damages at $10,000. Stewart, by his attorney, at once orally made a motion for a new trial. Neither at that time nor at any subsequent time did plaintiff make a motion for a new trial or in arrest of judgment. Apparently, she acquiesced in the verdict finding Dickson

and McCarthy (the resident defendants) not guilty. Before Stewart's motion for a new trial had been passed upon, he, on January 14, 1928, filed a motion, supported by his affidavit, "to quash the service made upon him in the county of McHenry, Illinois." In the affidavit he stated that at the time the writ of summons was served upon him he was a resident of McHenry county, Illinois, that said writ was served upon him on July 13, 1922, "at his office in the city of Woodstock, McHenry county, Illinois, . . . on which date he was then the duly qualified and acting sheriff of McHenry county and residing therein"; and that "no other service ever was had on this affiant." No further proceedings were had in the cause until March 10, 1928, when the following so-called "order" (entitled in the cause) was signed by the trial judge and filed:

"Motion for a new trial was made immediately upon the return of the verdict; pending the hearing of said motion the defendant Stewart moves to quash the summons herein; motion for a new trial overruled and judgment on the verdicts; exception by defendant Stewart.

"Motion by defendant Stewart to vacate judgment and that the service of the summons herein upon defendant Roy J. Stewart be quashed, sustained; exception by plaintiff.

"Judgment vacated and service of writ quashed; exception by plaintiff.

"Suit dismissed, exception by plaintiff.

"Appeal prayed by plaintiff to the Appellate Court of Illinois, First District, allowed; appeal bond $250 in 30 days and bill of exceptions in 60 days."

The transcript does not disclose that on March 10, 1928, or at any time thereafter, the court entered any judgments *in form* in accordance with the two verdicts of the jury. We regard the statement, "motion for a new trial overruled and judgment on the verdicts"

(contained in the first paragraph of said order) as a mere memorandum or guide to the clerk in making up his record, and not a judgment or judgments. (*City of Alton v. Heidrick,* 248 Ill. 76, 80.) As stated in *Martin v. Barnhardt,* 39 Ill. 9, 13: "It does not state, by implication even, that it was found, ordered, considered or adjudged by the court that the one or the other party should have or recover anything of the other. . . . It fails to state in whose favor or against whom it was rendered, nor does it even award execution." And, as stated in *Faulk v. Kellums,* 54 Ill. 188, 191: "The *ideo consideratum est* is wanting—it has no element of a judgment other than a bare recognition of the finding of the jury." (See also *Metzger v. Morley,* 184 Ill. 81, 84; *People v. Chicago, B. & Q. R. Co.,* 306 Ill. 166, 167.) It is apparent from the order that the court intended to enter a judgment on the one verdict against Stewart and in favor of plaintiff for $10,000, and another judgment on the other verdict against plaintiff and in favor of the two resident defendants (Dickson and McCarthy) for costs, but such judgments were not entered. As to the two resident defendants we think it clear that, after the rendition of the verdict in their favor (no motion for a new trial having been made by plaintiff) they were entitled to have a judgment for costs rendered in their favor and against plaintiff. The order further discloses that the court sustained Stewart's motion to quash the service of the writ, which had been made upon him in McHenry county, and also dismissed the suit. On September 10, 1928, plaintiff sued out the present writ of error.

The errors assigned by plaintiff are substantially three, viz., that the superior court erred (1) in vacating the judgment in favor of plaintiff and against the defendant, Stewart; (2) in quashing the service of the summons had upon said defendant; and (3) in dismissing the suit. As to (1), it appears that there was

no formal or proper judgment rendered against Stewart, and, hence, there was no judgment against him to vacate. As to (2), it is evident that the court's order quashing said service was based upon section 6 of the present Practice Act of 1907, Cahill's St. ch. 110, ¶ 6, which is in part as follows:

"It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs issued directed to any county or counties where the other defendant, or either of them, may be found: *Provided,* that if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, *unless* they appear and defend the action, *nor then if the action is dismissed as to the defendant or defendants resident in the county. . . .*"

In *Shomide v. Brewerton,* 306 Ill. 365, the Supreme Court had occasion to construe this statute. In that case Shomide began an action in *case* for personal injuries against Brewerton and three others in the circuit court of Sangamon county. All defendants except Brewerton were residents of that county. Brewerton was a resident of Cook county and was served with process in Cook county. All defendants appeared and filed pleas of the general issue. On the trial, at the close of plaintiff's evidence, each of the three *resident* defendants made a motion that the court instruct the jury to find him not guilty, and the motions were allowed. Thereupon Brewerton, the remaining and nonresident defendant, entered a motion that the service upon him be quashed, and that the action against

him be dismissed, since he was a resident of Cook county. The court denied the motion and evidence was introduced in Brewerton's behalf. The jury returned a verdict finding him guilty and assessing plaintiff's damages at $1,750. On the motion for a new trial plaintiff remitted $500, the motion was overruled and judgment was entered against Brewerton for $1,250. This judgment was affirmed by the Appellate Court for the Third District, a writ of certiorari was awarded by the Supreme Court, and on December 19, 1922, the judgment was reversed by the Supreme Court (p. 369) and the cause was remanded to the circuit court "with directions to quash the service of summons."

It will be noticed that practically the only difference between the facts in the *Brewerton* case and those in the present case (bearing on the point now under discussion) is that in the former the trial court at the close of plaintiff's evidence directed the jury to find all the resident defendants not guilty, while in the latter the jury at the close of all the evidence returned a verdict finding all of the resident defendants not guilty. In the opinion in the *Brewerton* case the court, after quoting the statute, says (p. 367):

"The evident purpose of the statute is to protect the defendant against being sued out of the county where he resides or may be found except upon joint causes of action, where he is so sued with residents of the county in which the action is brought. If a verdict. shall not be found or judgment rendered against the resident defendants in such a case, judgment shall not be rendered against the non-resident defendants,— that is, unless there actually is a joint cause of action the resident defendants who are discharged of liability in the action cannot be used to retain jurisdiction of the non-resident defendant."

The court then calls attention to the fact that said

section of the statute, prior to 1907, did not contain the words, "nor then, if the action is dismissed as to the defendant or defendants resident in the county," and says that the section *before the amendment,* for certain reasons given, "was a delusion." And the court, after referring to the contention of counsel for Shomide, viz., that the dismissal mentioned in the statute is a dismissal of the resident defendant *by the plaintiff* after having joined him for the purpose of procuring service on the nonresident and then proceeding against the latter alone, further says (p. 368, italics ours):

"If the section refers only to a dismissal *by the plaintiff,* the amendment *is a useless thing* and accomplishes no purpose whatever. The plaintiff has only to let his cause go to its submission to the jury and the non-resident defendant has no way to escape submission to the action outside the county where he resides or may be found,—the thing against which the section purports to secure him.

"Dismissal is not necessarily the act of the plaintiff. Actions are constantly dismissed by the court, and the instruction to find the defendant not guilty was a dismissal of the case as to the defendants named, *within the meaning of this statute,* which *disposed of the case as completely as a technical order of dismissal as to them.* The statute says nothing about the good faith of the plaintiff in joining the resident defendants, but makes the *jurisdiction* over the non-resident defendant *depend upon the outcome of the case as to the residents."*

In view of the manifest purpose of the statute as amended, and the decision and holdings in the *Brewerton* case, we think that the trial court in the present case was fully warranted in quashing the service of summons upon the defendant, Stewart. When the jury returned their verdict finding all of the resident de-

fendants not guilty, and no motion for a new trial as to this verdict was made by plaintiff, it seems to us that the case as to them, within the meaning of the statute, was disposed of as completely as it could have been by any order of dismissal by plaintiff or by the court. It was not until this verdict had been returned that Stewart was in a position to make his motion to quash the service of the summons, which had been made upon him in McHenry county. (*Brewerton* case, p. 369.)

But, as to the assignment of error No. 3, we think that the trial court erred in dismissing the suit. As said in the *Brewerton* case (p. 369) the defendant, Stewart, "may be served with an *alias* summons should he be found in the county."

Our conclusions are (1) that the portion of the court's order of March 10, 1928, wherein the court quashed the service of summons had upon the defendant, Stewart, should be affirmed, and it is so ordered; (2) that the portion of said order, wherein the court dismissed plaintiff's suit, should be reversed, and it is so ordered, and the cause is remanded to the superior court for further proceedings against the defendant, Stewart, if by an *alias* summons he may be found in Cook county; and (3), inasmuch as it is apparent that the court intended to enter a judgment, upon the verdict in favor of the resident defendants (Dickson and McCarthy), against plaintiff for costs, but did not properly do so, the court is further directed to enter such a judgment as should have been entered in favor of said resident defendants and against plaintiff. (See *McNulta v. Ensch,* 134 Ill. 46, 56.) The costs in this Appellate Court will be taxed against the plaintiff in error.

*Affirmed in part and reversed in part and remanded with directions.*

SCANLAN and BARNES, JJ., concur.