Nick A. Argondelis, Appellant, v. Arthur Rosin and
Mrs. Arthur Rosin, Appellees.

Gen. No. 43,661.

Opinion filed February 20,
1947. Released for publication March 28, 1947.

FREDERICK DICKINSON, of Chicago, for appellant.

KALCHEIM & RAFF, of Chicago, for appellees; MERWYN E. CEDAR, of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Arthur Rosin and his wife instituted an action at law in the circuit court of Cook county to recover damages from Nick A. Argondelis for personal injuries alleged to have been sustained by them as the result of a collision between Rosin's automobile and a truck owned by Argondelis. In that suit the Rosins procured the entry of a default judgment order which included a judgment in favor of Arthur Rosin and against Argondelis for $1,000 and a judgment in favor of Mrs. Arthur Rosin and against Argondelis for $7,500. (Hereinafter for convenience these two default judgments will be sometimes referred to collectively as a default judgment in favor of the Rosins for $8,500.)

Argondelis as plaintiff in the instant action filed a complaint in equity to restrain the Rosins from enforcing the aforesaid default judgment for $8,500 against him by execution or otherwise. The chancellor, after denying Argondelis the relief sought in his complaint, entered a decree dismissing same for want of equity and this appeal followed.

The complaint filed herein alleged that ''on the 4th day of August, 1941, an action at law entitled 'Mr. Arthur Rosin and Mrs. Arthur Rosin, Plaintiffs, vs. Nick Argondelis, Defendant,' was commenced in the Circuit court of Cook county, Illinois, . . . to recover the sum of $25,000 . . . alleged to be due to said plaintiffs from said defendant for damages resulting from personal injuries claimed to have been suffered by the said plaintiffs on or about the 11th day of September, 1940, in the city of St. Joseph, Mich-

igan, as the result of the negligent operation of the automobile of the said defendant''; that summons was issued in that action by order of the circuit court of Cook county and transmitted to the sheriff of Will county for service upon the defendant therein; and that the sheriff of Will county made the following return of service upon said summons:

"I have duly served the within summons on the defendant, Nick Argondelis, on the 7th day of May, 1942, by leaving a copy of said summons on said date at his usual place of abode with James Argondelis, a person of the family of said Nick Argondelis, of the age of ten years or upwards and by informing such person with whom said summons was left of the contents thereof and by also sending a copy of said summons on the 7th day of May, 1942, in a sealed envelope, with postage fully prepaid, addressed to said defendant Nick Argondelis at his usual place of abode.

JOSEPH JAMES O'NEILL Sheriff
By Ben Suva Deputy

"As such Sheriff, I hereby certify that I did on the 7th day of May, 1942, send a copy of said summons in a sealed envelope, with postage fully prepaid, addressed to said defendant, Nick Argondelis, at his said usual place of abode, as stated hereinabove in my return.

2 South Broadway    JOSEPH JAMES O'NEILL Sheriff
Joliet, Illinois       By Ben Suva Deputy.''

The complaint further alleged that "Nick A. Argondelis, the plaintiff herein, did not on the said 7th day of May, 1942, nor at any other time reside at No. 2 South Broadway, Joliet, Illinois, nor was the said No. 2 South Broadway, Joliet, Illinois, the usual place of abode of Nick A. Argondelis, the plaintiff herein''; that "James Argondelis mentioned in the return of the sheriff of Will County upon said summons as a person of the family of said Nick Argondelis, the defendant in said cause, of the age of ten . . . years

or upwards with whom a copy of said summons purports to have been left is not a person of the family of Nick A. Argondelis, the plaintiff herein''; that ''Nick A. Argondelis, the plaintiff herein, has never received a copy of the summons stated in the said return of the sheriff of Will County to have been left with James Argondelis, nor has he received a copy of the summons stated in the return of the said sheriff of Will County to have been mailed by him in a sealed envelope with postage fully prepaid, addressed to said Nick Argondelis at his usual place of abode at 2 South Broadway, Joliet, Illinois, nor has he received a copy of said summons from any other source''; that the plaintiffs in the law action secured an order of default on June 8, 1942 in the circuit court of Cook county against Nick Argondelis the defendant therein, based upon the purported service of summons made in the aforesaid manner; that on the following day, June 9, 1942, on motion of the attorneys for the plaintiffs in that case a jury was waived, the cause was submitted to the court, a finding of guilty was entered and the damages of the plaintiff Arthur Rosin were assessed at $1,000 and of the plaintiff Mrs. Arthur Rosin at $7,500 and judgment was entered accordingly; and that executions were issued on said judgments on June 11, 1942, January 7, 1943 and September 13, 1943, each of which bore the indorsement ''Returned Never placed with Sheriff.''

The complaint also alleged that ''Nick A. Argondelis, the plaintiff herein, first learned of the pendency of the above-mentioned cause in the circuit court of Cook county, Illinois, from a letter received by him from the Secretary of State of the State of Michigan, dated December 30, 1943, addressed to Nick Argondelis, Michigan Hotel, Benton Harbor, Michigan, which letter was to the effect that records in the office of the Secretary of State of the State of Michigan show that a judgment was rendered on June 9, 1942, against

Nick Argondelis, the person addressed in said letter, on account of an accident at Chicago, Illinois, which resulted in damages to property and personal injuries in excess of . . . $75 . . . . , which judgment had not been satisfied according to the certificate received from the court and that pursuant to the provisions of the Michigan Financial Responsibility Act of 1933 it is necessary that evidence of the payment of said judgment be filed with the Department of State of the State of Michigan and that all licenses and registrations now outstanding in the name of the person addressed are under suspension until such proof is filed with said department"; that "because Nick A. Argondelis, the plaintiff herein, did not learn of the pendency of the above-mentioned cause nor of the entry of the said judgment therein on the 9th day of June, 1942, until the receipt of the above-mentioned letter from the Secretary of State of the State of Michigan, dated December 30, 1943, he was unable to appear in said cause, either personally or by attorney, within the time permitted by the statutes of the State of Illinois and the rules of court applicable thereto, either to defend against said action or to resist the entry of said order of default, or the entry of said judgment, or to seek to have said order of default and judgment vacated or set aside"; that "Nick A. Argondelis, the plaintiff herein, at the time of the commencement of said action was not nor is he now indebted to the plaintiffs in said action for the amounts set forth in the said complaint at law, or in the amounts set forth in the said judgment or execution sought to be enforced against him, or in any amount whatsoever; that he has and always had a valid and meritorious defense to the action in which the said judgment was entered in that at the time and place mentioned in said complaint at law an employee of Nick A. Argondelis, the plaintiff herein, was operating a certain motor vehicle with all due care and caution for his own safety

and the safety of other persons and their property when Arthur Rosin, the plaintiff in said action, so negligently, carelessly and improperly operated his motor vehicle that as a direct and proximate result thereof he caused the motor vehicle so operated by him to come into contact and collision with the motor vehicle operated by the employee of Nick A. Argondelis, the plaintiff herein, but which collision caused no injuries to either of the plaintiffs in said action''; and that ''the return upon the summons filed in said action at law is the result of fraud, accident or mistake, and the said order of default based upon said return, and the said order of judgment based upon said order of default are void, and that the enforcement of said judgment is wholly unjust and unconscionable.''

The complaint concluded with the prayer that the Rosins, plaintiffs in the law action, be restrained from enforcing by execution or otherwise the judgment procured by them in said law action against Nick A. Argondelis, the plaintiff herein.

While defendants' answer denied some of the allegations of the complaint, demanded strict proof as to others and averred *inter alia* that Argondelis was guilty of laches, it admitted that the accident upon which they predicated their action at law against the plaintiff herein occurred in the State of Michigan, that they instituted said action at law in the circuit court of Cook county against Nick A. Argondelis and procured the default judgment against him in said court based upon the return of summons by the sheriff of Will county showing that Nick A. Argondelis had his residence or usual place of abode in Will county, Illinois.

Argondelis filed a written motion for judgment upon the pleadings and for the relief sought in his complaint. Said motion contains the following, among other allegations:

"That Section 7 of the Civil Practice Act of the State of Illinois (Chap. 110, Par. 131, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.007]) provides as follows:

" 'Except as otherwise provided in this Act, every civil action shall be commenced in the county where one or more defendants reside or in which the transaction or some part thereof occurred out of which the cause of action arose, but if venue is based on residence in an action to recover money or damages, a judgment may be rendered against a defendant not residing within the county only when judgment is also rendered against a defendant residing within the county, unless the defendant not residing within the county appears generally, and defends the action on its merits, and not then unless it appears from the record or the evidence that the defendant residing within the county was joined with probable cause and in good faith for the purpose of obtaining a judgment against him and was not joined solely for the purpose of fixing the venue of the action in that county. If all defendants are non-residents of the State, an action may be commenced in any county.'

"It appears from the pleadings filed in this cause, as set forth above, and the provisions of Section 7 of the Civil Practice Act of the State of Illinois, applicable thereto, that the Circuit Court of Cook County, Illinois, was without jurisdiction to enter either the order of default on the 8th day of June, 1942, or the judgment on the 9th day of June, 1942, in said action at law, since the venue of said action determined by the residence of the defendant, Nick Argondelis, as shown by the return upon the summons was Will County, Illinois; whereas, the said action was commenced in Cook County, Illinois, contrary to said Section 7 of the Civil Practice Act, and that the transaction out of which the alleged cause of action arose

occurred neither in Cook County nor in Will County, Illinois, but in the city of St. Joseph, State of Michigan.''

The trial court denied plaintiff's motion for judgment on the pleadings and set the case for trial upon the issue as to the jurisdiction of the person of Nick A. Argondelis, defendant in the law action. Evidence was offered by both the plaintiff and the defendants herein upon the issue as to whether 2 South Broadway, Joliet, Illinois, stated by the sheriff of Will county in his return upon the summons sought to be served upon Nick A. Argondelis, was in fact the usual place of abode of said Nick A. Argondelis on May 7, 1942, the date of the purported service. Evidence was also offered as to whether James Argondelis, the person with whom the sheriff of Will county stated he left a copy of the summons, was ''a person of the family'' of Nick A. Argondelis.

The court found said issues against Nick A. Argondelis and, as heretofore shown, entered the decree appealed from which dismissed the complaint herein for want of equity.

Several grounds are urged for reversal but the only contention of the plaintiff herein which we deem it necessary to consider is that ''the Circuit Court of Cook County did not have jurisdiction of the subject matter of the law action and was, therefore, without authority to enter the default judgment against Nick A. Argondelis, the sole defendant, since that action was not commenced in the county where the defendant resided as required by section 7 of the Civil Practice Act.''

The defendants herein, Arthur Rosin and his wife, in effect confess error as to the point made in this contention because they not only fail to answer it but they do not even mention it in their brief.

As has been seen, section 7 of the Civil Practice Act provides in part that ''every civil action shall

be commenced in the county where one or more defendants reside or in which the transaction or some part thereof occurred out of which the cause of action arose." The evident purpose of the legislature in enacting section 7 is emphasized by the remaining provisions of said section which permit a judgment against a defendant not residing within the county in which the suit is brought only upon the following express conditions:

(1) "When judgment is also rendered against a defendant residing within the county."

(2) And not then "unless the defendant not residing within the county appears generally and defends the action on its merits."

(3) And not then "unless it appears from the record or the evidence that the defendant residing within the county was joined with probable cause and in good faith for the purpose of obtaining a judgment against him and was not joined solely for the purpose of fixing the venue of the action in that county."

Nick A. Argondelis, the plaintiff herein, was the sole defendant in the law action and it is alleged in his complaint filed in this case and admitted in defendants' answer thereto that the transaction out of which the law action arose occurred in the State of Michigan. It is manifest that under the provisions of section 7 the Rosins were precluded from instituting their action at law against Nick A. Argondelis in any county in this State except the county in which he resided. Since it was also alleged in plaintiff's complaint and admitted in defendants' answer that Nick A. Argondelis was not a resident of Cook county and since the return of the service of summons in the law action by the sheriff of Will county stated that his residence or usual place of abode was in that county, the institution of the action at law by the Rosins against Nick A. Argondelis in the circuit court of Cook county was in direct violation of section 7 of

the Civil Practice Act. (*Martin v. Schillo,* 389 Ill. 607; *Herb v. Pitcairn,* 384 Ill. 237; *Craig v. Sullivan Machinery Co.,* 344 Ill. 334; *Shomide v. Brewerton,* 306 Ill. 365; *Sandusky v. Sidwell,* 173 Ill. 493; *Heldt v. Watts,* 329 Ill. App. 408; and *Robinson v. Stewart,* 252 Ill. App. 203.)

■ ■ Inasmuch as the foregoing facts appeared on the face of the pleadings, there can be no question but that the circuit court of Cook county was without jurisdiction of the subject matter of the law action in which the default judgment was entered against Argondelis and, that court being without jurisdiction of the subject matter, said judgment was necessarily void. The motion of Argondelis for judgment on the pleadings presented a question of law only and we are impelled to hold that it should have been allowed.

We also think that there is merit in the contention of the plaintiff herein that the circuit court of Cook county did not obtain jurisdiction of his person in the law action but in the view that we take of this case, we do not deem it necessary to discuss that point at length.

■ ■ Since the default judgment entered against Argondelis in the law action was void, he is entitled to the relief prayed for in his complaint in the instant case, namely, that the Rosins be permanently restrained from enforcing said judgment by execution or otherwise.

For the reasons stated herein the decree of the circuit court of Cook county entered in this cause and its order denying plaintiff's motion for judgment on the pleadings are reversed and the cause is remanded with directions to sustain said motion for judgment on the pleadings and to enter a decree permanently restraining the Rosins from enforcing the default judgment order procured by them in the law action by execution or otherwise.

*Decree and order denying plaintiff's motion for judgment on the pleadings reversed and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.